JAMES SAXTON, Respondent, v. THE NEW YORK ELEVATED RAILROAD COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

*Easements taken by a railroad company — no equitable relief granted after the plaintiff has conveyed the land — the past damages must be assessed by a jury.*

Where, on the trial of an action in equity to restrain the operation of an elevated railroad, unless compensation be made for the easement taken appurtenant to the plaintiff's land, and for the recovery of past damages, it appears that the plaintiff has conveyed the land, he is not entitled to any equitable relief, and the defendant has a constitutional right to have the past damages ascertained by a jury.

APPEAL by the defendants, The New York Elevated Railroad Company and another, from a judgment of. the Court of Common Pleas for the city and county of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 3d day of December, 1895, upon the decision of the court rendered after a trial at an Equity Term thereof.

*Arthur O. Townsend* and *Julien T. Davies,* for the appellants.

*E. W. Tyler* and *Edward A. Hibbard,* for the respondent.

VAN BRUNT, P. J.:

This action is of a character with which the courts have become somewhat familiar. It was brought to obtain an injunction restraining the operation of the elevated road of the defendants unless compensation should be made for the easement taken by said railroad appurtenant to the premises of the plaintiff, and to recover damages for the loss already sustained by him through the erection and operation of the defendants' road. The plaintiff alleged ownership in the premises, which was denied in the answer. Upon the trial it appeared that the plaintiff had shortly before conveyed the premises in question; and, therefore, had parted with all right to equitable relief, his only cause of action being to recover past damages resulting from the operation of the defendants' road. As soon as this fact was admitted upon the record, the defendants' counsel moved that the grantee of the plaintiff should be brought in as a party defendant, and when that motion was denied, demanded a jury trial as to the past damages. This motion was denied, and an exception taken.

That past damages can only be recovered in an action at law, unless they are incidental to equitable relief, has been too often decided to need the citation of authority here. The plaintiff, by voluntarily parting with his right to any equitable relief, clearly cannot claim that his legal action should be tried by a court of equity, and the defendants had a right as soon as that fact appeared to demand a jury trial, which was granted to them by the Constitution.

It is true that, by the entry upon the trial of a legal action before the court without a jury, the right to a jury trial was deemed to be waived. But where the action upon its face is an equitable one,

and it appears that the plaintiff has by his own act deprived himself of all right to equitable relief, it is clear that he has no right in a court of equity to recover an incident to the equitable cause of action set out in his complaint, which incident still belongs to him.

It is claimed upon the part of the respondent that the cases of *Van Allen* v. *El. R. R. Co.* (144 N. Y. 179) and *Domschke* v. *Met. El. Ry. Co.* (74 Hun, 445) determined the contrary. But an examination of those cases shows that all that was there decided was, that where the fact appeared that the party had parted with the title to the property in respect to which equitable relief was sought, the referee was not obliged to dismiss the complaint, but he could assess the damages. In those cases a reference had been ordered to hear and determine, and the right to a jury trial was thereby gone; and the referee having an equitable and a legal cause of action before him, and the right to enforce the legal cause of action existing, he was bound to hear and determine that issue and not to dismiss the complaint because the right to equitable relief had been parted with. This is entirely in harmony with the view already expressed. If the court had dismissed the complaint in this action it would have erred. The court was bound to retain the legal cause of action and to try it in the manner in which the law requires such causes of action to be tried, namely, before a jury. The defendant had a constitutional right to such a trial, and it had not waived it or lost it, demanding such trial the moment it appeared that the plaintiff, because of his own act, was not entitled to the equitable relief which was the main feature of the action as brought.

We are of the opinion, therefore, that the court erred in denying a trial by jury as to the legal cause of action which was alone before it.

The judgment must be reversed and a new trial ordered, with costs to the appellants to abide the event.

RUMSEY, WILLIAMS, PATTERSON and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.