### Kelley, Maus & Co. v. Jacob Newman et al.

1. ASSIGNMENT—*Of a Claim, What is Not.*—An agreement between a client and his attorney to pay him thirty per cent of a claim for collecting it, is a mere promise to pay that charge, not an assignment of that proportion of the claim.

2. PARTIES—*Intervenors in Chancery.*—The fact that a client agrees to give his attorney thirty per cent of a claim for collecting it does not give the attorney a sufficient interest in the claim to entitle him to intervene personally in a chancery proceeding concerning it.

3. DAMAGES—*What Are Not Unliquidated.*—The fact that A contracted with C to buy, and C agreed to sell to him, certain leather at a stipulated price, which contract said C had refused to fulfill, and that by reason of such refusal, A had been compelled to buy the leather elsewhere at an increased price, the difference amounting to $755.25, does not make such difference unliquidated damages.

**Bill for an Injunction,** etc.   Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1898.   Affirmed.   Opinion filed December 23, 1898.

Appellant filed its bill in chancery against one Matthew Caffrey, stating, *inter alia*, that it was indebted to said Caffrey, a resident of New Jersey, in the sum of $482.63, upon which indebtedness the latter had brought suit in Cook county; that it had before that time contracted with said Caffrey to buy, and he had agreed to sell to it, certain

leather at a stipulated price, which contract said Caffrey had refused to fulfill, and that by reason of such refusal appellant had been compelled to buy the leather elsewhere at an increased price, the difference amounting to $755.25, which appellant claims ought, in equity, to be set off to it as damages against the claim of said Caffrey.

The bill states that appellant has set up by its pleas of set-off, in the suit at law brought by Caffrey, this claim for damages arising from the breach of contract; that Caffrey demurred to said pleas, and the court sustained his demurrer, on the ground that the damages so claimed were unliquidated, and could not, under the strict rules of law, be so set off against his claim; that unless equity interferes and allows the set-off, Caffrey will recover judgment, the proceeds will go out of the State, and appellant be compelled to go to New Jersey to recover its damages for breach of contract, and prays for an injunction.

A preliminary injunction was allowed. Subsequently, the appellees entered their appearance for themselves, but not for said Caffrey, and filed an affidavit that they were interested in the result of the suit, under a contract allowing them thirty per cent of the amount recovered from appellant, in lieu of fees or other compensation. An order was entered allowing them to become parties to the bill, and thereupon they filed their demurrer, which the court sustained and dismissed the bill.

DEFREES, BRACE & RITTER, attorneys for appellant.

NEWMAN, NORTHRUP & LEVINSON, attorneys *pro se.*

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The bill was properly dismissed in this case, because the complainant had a complete and adequate remedy at law. We have held in Kelley, Maus & Co. v. Matthew Caffrey (page 278, this volume), that the damages claimed as arising out of the alleged breach of the contract set up in the

bill and in the pleas of set-off filed in the suit at law brought by Caffrey, are not unliquidated, and that the demurrer thereto should, in that respect, have been overruled. It is true that the bill states that the Circuit Court held in that case that said damages were unliquidated; but upon appeal that holding has been set aside, and it is difficult to see upon what ground such holding, pending an appeal therefrom, can give equity jurisdiction.

We need only refer to the language of appellant's counsel in their brief, if it be necessary to state a reason for our conclusion. They say that " mere matters of set-off will not give the court jurisdiction, if such rights can be effectually tried at law." It is true, that if, unless equity should assume jurisdiction the appellant would be compelled to go to New Jersey to prosecute its claim for damages, while compelled by our courts to pay over to Caffrey the money which he claims in his suit' at law here, a legal remedy might be considered so inadequate, which had to be sought in a foreign jurisdiction, as to give chancery jurisdiction here.    Stanton v. Embry, 46 Conn. 595.

But such is not the case. Caffrey has begun his suit at law in the Circuit Court here, and that court has full jurisdiction of the subject-matter and of the parties.

The appellees here are the attorneys for the original defendant, Matthew Caffrey. They were allowed to become parties defendant to the bill, on the ground that they had a substantial interest in the subject-matter, and thereupon filed a general demurrer, which was sustained; the injunction was dissolved and complainant stood upon its bill, refusing to amend.

The interest claimed by appellees was based upon a contract, by virtue of which they agreed with Caffrey, in the matter of Kelley, Maus & Co., " to charge nothing except in case of realizing, but if we do realize we are to receive thirty per cent of the amount," which proposition was accepted. Appellees contend that this " amounts to an assignment of thirty per cent of this claim for a valuable consideration, which has passed, in the form of legal services rendered," and gave them a substantial interest.

We can not agree with this contention. Appellees became entitled to this thirty per cent only "in case of realizing." Their interest was wholly contingent. The agreement fixed the measure of their compensation for collecting. Their interest accrued only after the collection. They had no interest entitling them to collect thirty per cent and then drop the matter, no interest independent of the collection for Caffrey, no lien in equity upon the fund. The thirty per cent was their "charge" for collecting, and the agreement was a mere promise to pay that charge, not an assignment. Bromwell v. Turner, 37 Ill. App. 561, and cases there cited.

Appellees' claim to intervene personally, and become parties in order to demur to the bill without entering the appearance of their client, because the suit brings in question the right of Caffrey to recover at law and thus jeopardizes their fees, might, with equal propriety, be set up against any procedure for defense appellant could institute.

Appellees, not appearing for Caffrey, a non-resident, had no standing in their own right to be made parties defendant. But inasmuch as the complainant is not entitled to any relief under his bill, it is proper to dismiss it, although proceedings which led to its dismissal in the Circuit Court were erroneous. Messerschmidt v. Cool, 63 Ill. App. 384. The decree must therefore be affirmed.