the state to inflict a penalty, nor an intent to impress the citizen with the prohibition as to make an act which is innocent and valid where performed an offense when he returns to this state. I am inclined to think that the order cannot be assailed for want of jurisdiction or power of the court to entertain the application. If the order modifying the decree had affected a substantial right of the plaintiff, it would have been irregular to have granted it without notice. As her rights and interests are not affected by the modified decree, and as there was no violation of the provisions of any statute, or unlawful exercise of jurisdiction by the court in modifying it, the order, therefore, is not void, nor the proceedings irregular. The effect of setting aside this order as null and void would result not only in punishing the defendant, but also his present wife, who is an innocent party; and it might result in declaring the child or children, if any, of the present marriage illegitimate.

This motion, therefore, must be denied, but without prejudice to the plaintiff to renew the motion for alimony at such time as she may be advised.

---

(58 App. Div. 266.)

ISRAEL et al. v. METROPOLITAN ELEVATED RY. CO. et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

PARTIES—JOINDER OF PLAINTIFFS.

> Where, after commencement of action against an elevated railway company by I., owner of abutting property, for damages and injunction, he conveys the property to A., and makes an agreement that she shall have part of the damages he recovers in the action, there is no error in refusing her petition to be made a plaintiff therein, she claiming no rights except under her agreement with him, and he, after his conveyance, having no right to recover except for trespasses on his easements prior to commencement of the action; Code Civ. Proc. § 756, providing, in case of a transfer of interest, the action may be continued by the original party, unless the court sees fit to direct otherwise.

Appeal from special term, New York county.

Action by Hyman Israel against the Metropolitan Elevated Railway Company and another. From an order denying petition of Elizabeth M. Anderson to be permitted to be joined as a party plaintiff and to serve a supplemental complaint, both plaintiff and petitioner appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William B. Hornblower, for appellants.
Arthur O. Townsend, for respondents.

RUMSEY, J. This is the usual action against an elevated railroad company for injunction and damages. Israel, the plaintiff, was the owner of the premises on the 24th of April, 1891, when he brought this action. The answer was served on the 5th of May, 1891. The case was tried in October, 1892. The complaint was dismissed, and the judgment dismissing the complaint was affirmed by the general term of the court of common pleas in January, 1895. An appeal was

taken to the court of appeals, where on the 18th of April, 1899, the judgment was reversed, and a new trial granted, with costs. The new trial seems to have been granted upon the ground that the uncontradicted evidence showed that the plaintiff had sustained substantial injury to the premises, and that he should have had an injunction and damages to a substantial amount. Pending this appeal, and on the 6th of June, 1896, Israel sold the property to one Stimpson. Two days afterwards Stimpson sold to Cole, and on the 7th of December, 1899, Cole conveyed to Mrs. Anderson, who is now the owner in fee of the premises. Israel and Mrs. Anderson made an agreement that the fee and rental damages to be recovered should be divided between them in a certain proportion, and thereupon Mrs. Anderson, claiming to have acquired an interest in the action, brought this proceeding to be joined in the action as an additional party plaintiff, and asked for leave also to serve a supplemental complaint. This motion was denied, and from the order denying it this appeal is taken.

Before considering the case further, it is well to determine the situation of the parties at the time this agreement was alleged to have been made. Israel, when he brought this action, had undoubtedly the right to maintain it to secure an injunction and damages for the trespass committed by any interference with his easements of light, air, and access, down to the time of the commencement of the action. The action, however, was in equity, and the damages could be recovered in it only as an incident to his right to equitable relief. When he had conveyed the premises, his right to equitable relief was at an end, and all that he was entitled to from that time on was the damages which he had sustained by reason of the trespasses committed before his action was begun. Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518; Pegram v. Railroad Co., 147 N. Y. 135, 41 N. E. 424; Saxton v. Railroad Co., 12 App. Div. 263, 42 N. Y. Supp. 508. After his conveyance, therefore, to Stimpson, he had nothing left by reason of which he could pursue these defendants, except the right of action for damages for the trespasses. He did not sell this right to Stimpson, nor did Stimpson have any right to maintain an action for interference with the easements which belonged to him as owner of the easements, unless that had taken place during the short time when he was the actual owner; that is, between the 6th and 8th days of June, 1896. When Stimpson sold to Cole on the 8th of June, 1896, he transferred no right to maintain an action to recover for trespasses that had been committed up to the time that Cole became the owner. Cole, then, when he became the owner of the premises on the 8th of June, had alone the right to maintain an action to restrain the trespasses committed between the dates when he bought and sold the property, and he alone could maintain an action for the damages for the trespasses committed during that same period.

But it appears that, before the trial of the case in the court of common pleas, the defendants had taken proceedings under the statute to condemn these easements, and that this proceeding ended on the 23d of November, 1892, by which it was adjudged that upon the payment to Israel of the sum of six cents, and upon the confirmation of the report, the Metropolitan Elevated Railway Company

should be entitled to take possession of and use the easements appur-
tenant to Israel's land for the purposes of its railroad. If these con-
demnation proceedings were valid, then whatever may have been the
effect of them upon this action, because they were not pleaded, yet
against Stimpson and Cole and Mrs. Anderson they take away abso-
lutely any right to sue this company for interfering with these ease-
ments. But it is said that these condemnation proceedings were
void, and therefore they will not be further referred to, except to sug-
gest that if they happen to be valid they afford an absolute answer to
any action which any of the three grantees of Israel might bring to
restrain the operation of the railroad.

But, passing that subject, it is apparent that Mrs. Anderson had no
cause of action, solely because of the conveyance by Cole to her, un-
less and until her easements had been interfered with after the con-
veyance had been received by her, which is nowhere suggested by her
in the moving papers. All the right which she claims, if any, arose
from the fact that at some time Israel made an agreement with her
that the fee and rental damages to be recovered in the action should
be divided between himself and Mrs. Anderson in a certain propor-
tion; and in her supplemental complaint, in which she presents all
the rights for which she claims to be substituted in this action, she
makes no claim that any easements of hers have been interfered with,
or that she has any equitable right to maintain this action, because
she does not say that since she became the owner of these premises
any easement that she is entitled to has been interfered with or taken
away. Whether the failure to allege an interference with her ease-
ments arises from the fact that there has been no interference, or
because the condemnation proceedings were valid so that she has no
rights, is not material. The material point is that she makes in her
supplemental complaint no claim that any rights of hers have been in-
terfered with in this action.

Nor does she seek to be brought in to litigate any equitable right
which she has against those defendants. Her claim is simply one
which she says exists because Israel has sold to her the fee and rental
damages which he was entitled to recover by virtue of his original
action. There can be no doubt that, so far as the fee damages are
concerned, he had no right to recover anything, so that she takes
nothing by virtue of any such assignment. Therefore the only claim
that she has here, or that she can assert in this action, is that she
should have a certain portion of the damages which Israel had sus-
tained because of the trespasses upon his easements, down to the
time when he began this action in 1891. Her case is clearly within
the provisions of section 756 of the Code of Civil Procedure, which pro-
vides that, in case of a transfer of interest or devolution of liability,
the action may be continued by or against the original party, unless
the court sees fit to direct otherwise. Whether the court shall see
fit to do otherwise is a matter entirely within its discretion. We can
see no reason why it should be granted in this case. The rights of
the appellants cannot be affected. All that she claims is a right to
share in the damages which Israel may recover in such a proportion
as the agreement requires. We see no more reason to substitute her

as a party plaintiff than we do to substitute Israel's attorney if he had acquired a lien upon the proceeds of this suit. The cases of Koehler v. Railroad Co., 159 N. Y. 218, 53 N. E. 1114, and Mooney against the same defendant (163 N. Y. 242, 57 N. E. 496), are not in point upon any of the questions presented in this case. In those cases the subsequent grantees had been joined as parties plaintiff apparently in respect of the equitable rights which they had or claimed, and it was held simply that the supreme court had the power to join such parties as plaintiffs and defendants if in its judgment it was proper to do so; but we do not think it is proper to do so where it affirmatively appears, as it does here, that the original plaintiff has conveyed away his right to equitable relief, and there is a serious question whether the condemnation proceedings have not deprived the subsequent grantee, now in possession of the premises, of all right to complain that there are any easements appurtenant to her land which are affected by the defendants' railroad.

For these reasons, the order appealed from should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur; INGRAHAM, J., in result.