## THAYER ET AL. *v.* KINDER ET AL.

[No. 6,811. Filed October 14, 1909. Rehearing denied January 4, 1910.]

1. CORPORATIONS. — *Insolvency.* — *Receivers.* — *Stockholders.* — A stockholder in a corporation which is in imminent danger of insolvency may maintain a suit for the appointment of a receiver thereof. p. 112.

2. APPEAL.—*Final Judgment.*—*Denial of Right to File Intervening Petition.*—*Corporations.*—*Stockholders.*—A judgment denying to stockholders in a corporation the right to intervene in a suit for the appointment of a receiver, and refusing them permission to file an answer or cross-complaint in the suit, is final and appealable. p. 113.

3. COURTS.—*Jurisdiction.*—*Appointment of Receivers.*—*Corporations.*—Where a stockholder of a corporation petitions for the appointment of a receiver and the corporation answers admitting the allegations and joining in the request for a receiver, the court has jurisdiction to enter a decree for such appointment. p. 113.

4. CORPORATIONS.—*Directors.*—*Discretion.*—The directors of a corporation have a discretionary power in the management thereof. p. 114.

5. ACTION.—*Parties.*—*Corporations.*— *Stockholders.*— *Receivers.*— Stockholders are equally bound by the action of the directors of their corporation, and have equal rights in suits for the appointment of a receiver, and one stockholder has a right to become a party in order to resist the appointment of a receiver where another has petitioned therefor. p. 114.

6. CORPORATIONS.—*Receivers.*—*Suits for.*— *Stockholders.*—A suit for the appointment of a receiver is purely equitable, and the property of the corporation, so far as the suit is concerned, is regarded as belonging to the individual stockholders. p. 114.

7. TRIAL.—*Intervening Petition.*—*Denial of Permission to File.*—*Discretion.*—*Presumption.*—Refusing to permit stockholders the right to file an intervening petition in a suit for the appointment of a receiver for the corporation, charges of fraud being made, three and one-half months after a receiver had been appointed by virtue of an alleged fraudulent agreement, is an abuse of discretion, the presumption in favor of the ruling of the trial court being overthrown by the uncontradicted and verified allegations of fraud. pp. 114, 115.

8. LACHES.—*Questioning Appointment of Receiver.*—*Corporations.* —Three and one-half months is not an unreasonable time for fifty-nine stockholders to use in preparing to set aside a receiver-

ship obtained through the fraud of certain stockholders and the directors of a corporation. p. 115.

9. CORPORATIONS.—*Receivers.*—*Right to Object to Intervening Petition by Stockholders.*—A receiver of a corporation, appointed upon the petition of a stockholder, has no right to object to proceedings brought by other stockholders to obtain their rights. p. 116.

From Hancock Circuit Court; *George W. Galvin*, Special Judge.

Intervening petition by Edmund P. Thayer and others, against Charles E. Kinder and others. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*Forkner & Forkner* and *Downing & Hough*, for appellants.

*U. S. Jackson, Cook & Cook*, and *Felt & Binford*, for appellees.

ROBY, P. J.—Appellee Kinder, on June 15, 1907, filed his complaint in the Hancock Circuit Court against the Citizens Natural Gas, Oil and Water Company, a corporation,

1. The object of the suit was to obtain the appointment of a receiver, on the ground that the corporation was in imminent danger of insolvency. Such proceeding is authorized by statute. §1279 Burns 1908, subd. 5, §1222 R. S. 1881. See *Hay* v. *McDaniel* (1901), 26 Ind. App. 683. Plaintiff Kinder averred that he was a stockholder in said corporation, and as such had a right to bring the suit. *Supreme Order, etc.*, v. *Baker* (1893), 134 Ind. 293, 312, 20 L. R. A. 210. The corporation, by its board of directors, on said day filed an answer admitting the averments of the complaint and consenting to the appointment of a receiver. A decree was entered on said day appointing a receiver, who at once qualified. On September 28, appellants—fifty-nine persons representing themselves to be stockholders in the corporation—asked leave to intervene in said proceedings, presented their petition, an answer to said plaintiff's complaint, and a cross-complaint, which they asked leave to file.

Plaintiff Kinder, the corporation and the receiver ob-
2. jected to the proposed action, and the court refused
to permit the intervening petition, answer or cross-
complaint to be filed, and rendered judgment accordingly.
From the judgment this appeal is taken. *Voorhees* v. *In-
dianapolis Car, etc., Co.* (1895), 140 Ind. 220.

The pleadings which were thus tendered are voluminous,
and need not, for the purposes of this appeal, be set out.
It is shown by the petition that the petitioners are stock-
holders in said corporation; that their material interests
are involved in the proceedings; that the corporation was
organized to mine for natural gas; that it had no authority
to engage in any other business; that it has invested from
$60,000 to $70,000 in said business; that the plant is a valu-
able one; that a large majority of its stockholders desire to
preserve the plant and continue the business; that in April,
1907, said corporation had $2,700 in its treasury and owed
no debts; that it is entirely solvent and able to continue;
that the officers and directors executed certain notes for
$3,700; that such notes are *ultra vires* and void, and made
in pursuance of an attempt to change the object and purpose
of said corporation; that plaintiff Kinder is the owner of a
small number of shares; that he is one of the directors;
that he acted in collusion with the other directors in filing
said complaint, in the answer of the same, and in the ap-
pointment of a receiver without notice; that said directors
fraudulently and negligently refused to defend said suit,
but have confederated and colluded with said plaintiff for
the fraudulent purpose of destroying said corporation and
confiscating its property, and that the receiver heretofore
appointed was ineligible, etc.

Appellees contend that the action of the board of directors
was the action of the corporation, and bound it and
3. its stockholders. That the court had jurisdiction to
render judgment is true. *First Nat. Bank, etc.,* v.

*United States, etc., Tile Co.* (1886), 105 Ind. 227; *Pressley* v. *Lamb* (1886), 105 Ind. 171. It is likewise true that in the conduct of its affairs the directors of a corporation have discretionary power. But these propositions are not to the point. The stockholder who has standing to institute and maintain a suit of this class is as much bound by the action of the board of directors as are other stockholders. It is therefore fair that other stockholders be permitted to become parties, and most especially where the plaintiff and the board are not adverse, the necessity for their appearance being founded upon the reason which ordinarily operates in favor of the plaintiff. The suit for a receiver is purely equitable. "In equity, the property of a corporation is regarded as belonging to the individual corporators, and they are entitled to have their rights and interests in it protected by equitable relief." *Tipton Fire Co.* v. *Barnheisel* (1883), 92 Ind. 88, 90. See, also, Morawetz, Priv. Corp., §403.

It is next insisted that the refusal of permission to intervene was a matter of discretion, and that a delay of three and one-half months in making the application, in connection with the other facts of the case, justified its denial, and that every presumption must be indulged in favor of the ruling. Presumptions are always in favor of correct action, but when facts are shown presumptions cease to control. If the averments of the application are true—and being sworn to and not denied they must be taken as true—not only was there no ground for the appointment of a receiver, but the action taken was a fraud upon both the stockholders of the corporation and the court itself. Counter-affidavits were filed, but they do not negative the direct averments of facts before summarized.

Nor is there any question of laches. Three and one-half months is not an unreasonable time in which to determine

upon and take such action as had been taken by fifty-nine persons. If it shall be determined on trial that the appointment of the receiver was unwarranted, the property can be returned to the corporation without injury to anyone. Should the issue be determined otherwise, the costs of the proceeding will fall upon the appellants, and in either event a full hearing and a fair trial will be had.

It is not necessary to this decision to determine the sufficiency of the various pleadings filed and tendered, and the decision is limited to the holding that the facts shown required the admission of the appellant intervenors as parties to the suit.

The judgment is reversed and the cause remanded for proceedings in accordance herewith.

## On Petition for Rehearing.

ROBY, J.—It is averred that the plaintiff in the cause wherein the receiver was appointed was a director of said company, and this averment was incorporated in the opinion heretofore filed. In the brief on the petition for rehearing it is said that he was, in fact, not a director. This may be conceded, and the averment is still sufficient. It is that he was owner of a small amount of stock, and that he acted in collusion with the directors.

The statement in the opinion, that the counter-affidavits filed do not negative the averments summarized in the opinion, was made advisedly. The affidavits referred to consist very largely of conclusions. They may be taken as negativing the existence of any moral turpitude, a quality which was in nowise intended to be attributed to any one concerned, but they do not furnish reason why the intervenors should not be permitted to participate in the legal proceeding which had for its purpose the change of control of their property.

It may be that the receivership is for the best interest of

all concerned, and it most surely is to their interest that a full hearing be had. The objection by the present receiver, to the intervention of the petitioning stockholders, is unwarranted. It is not a matter of concern to him.

The petition for rehearing is overruled.