VAN DER VEER v. UNION TRUST COMPANY OF INDIANAPOLIS, EXECUTOR, ET AL.

[No. 10,558. Filed May 26, 1920.]

1. APPEAL.—*Right of Appeal.—Dismissal of Intervening Petition.*—A tax ferret who was by intervening petition a party to the county's action to collect taxes on property omitted from assessment could appeal from the judgment of the court dismissing his petition, although the county had compromised and dismissed its action. p. 339.

2. PARTIES.—*Intervention.—Nature of Right.*—The right of intervention, which did not exist at common law, is the admission, by leave of court, of a person not an original party to the pending proceedings by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by the proceedings. p. 340.

3. PARTIES.—*Action by County to Collect Taxes on Omitted Property.—Right of Tax Ferret to Intervene.*—Under §273 Burns 1914, §272 R. S. 1881, a tax ferret employed by the county under a contract to pay him a sum equal to a stipulated percentage of the amount of taxes recovered as a result of his efforts had no interest in the subject-matter of the county's suit to recover taxes on property omitted from assessment and discovered by him entitling him to intervene in the suit, about to be compromised between the county, attorney-general, and the executors and heirs sought to be assessed. p. 340.

From Floyd Circuit Court; *James W. Fortune*, Judge.

Proceedings to collect taxes on property omitted from assessment by the board of commissioners of the county of Floyd against the Union Trust Company of Indianapolis, executor of the will of Newland T. De Pauw, wherein Ferdinand P. Van Der Veer filed an intervening petition. From a judgment dismissing the petition, the petitioner appeals. *Affirmed.*

*Samuel D. Miller, Frank C. Dailey, C. W. Schindler* and *William H. Thompson,* for appellant.

*Charles L. Jewett, Walter V. Bulleit* and *Henry E. Jewett,* for appellees.

ENLOE, P. J.—On and prior to May 13, 1912, Harry L. Glenn and appellant, Ferdinand P. Van Der Veer, were partners doing business under the firm name and style of Glenn and Van Der Veer, as "tax ferrets," and on said date entered into a contract with the board of county commissioners of Floyd county, Indiana, by which they, for and in consideration of the promise of said board of commissioners to pay to them, for services to be by them rendered in that behalf, a sum equal to thirty-five per cent. "of the amount of all taxes collected by the said county or its officials for any and all purposes," agreed to make diligent search of records, etc., to endeavor to discover property subject to taxation in said county, but which had escaped taxation. The said payment to be made to said investigators as such omitted taxes were collected by the county treasurer.

On December 30, 1912, a similar contract was entered into by and between said parties, but covering investigations not within the first contract.

On September 11, 1913, said examiners filed with the auditor of said county, pursuant to such employment, a statement setting forth personal property, as having been owned by one Newland T. DePauw, a resident of said county, and that said personal property had been omitted from assessment, though subject to taxation, in the years 1900, 1901, 1902, 1903, whereupon said auditor prepared a notice in writing and caused the same to be sent to the said Newland T. DePauw, requiring him to show cause why said omitted property should not be placed upon the tax duplicate. Shortly there-

after said Newland T. DePauw died, and the Union Trust Company of Indianapolis was appointed and qualified as executor of his estate, and thereafter said auditor duly notified said executor to appear and show cause, if any, why said omitted property should not be placed upon the tax duplicate. A final hearing was had on said matter before said auditor on October 6, 1914, which resulted in the finding that the property in question was "omitted property," and on October 16, 1914, a schedule of the same was by said auditor duly certified to the treasurer of said county, with directions to enter the same upon the tax duplicate, and to proceed to collect the taxes. Upon receipt of said schedule the property was at once placed upon the tax duplicate, and the executor at once notified thereof, the amount of said added taxes being $12,536.61. From this action the executor and the two heirs of said Newland T. DePauw, Mrs. Knight and Mrs. Gates, appealed to the Floyd Circuit Court, where a trial was had, the court making a special finding of facts and stating conclusions of law thereon favorable to said county auditor, and that the said auditor should recover the sum of $9,202.44 and costs.

Thereupon the executor and said heirs filed their motion for a new trial, which was by the court taken under advisement. While said motion was being so considered by the court, it appears from the record herein that the board of county commissioners of said county, with the approval of the Governor, and Attorney-General, entered into an agreement of compromise with the executor and heirs, whereby, in consideration of their waiving their right of appeal in said cause and the payment to the treasurer of said county of the sum of $5,000, said matter should be fully settled, and said suit dismissed at the cost of the county.

Before said matter was finally disposed of, the appellant, Ferdinand P. Van Der Veer, by leave of the court, filed an intervening petition, which was later amended, objecting to said settlement and proposed disposal of the suit, and claiming to have an interest therein by reason of his said contract, and asking that he be protected and that judgment be rendered upon said conclusions of law. This petition was, upon motion of appellees after a hearing thereon and also of the matters connected with said settlement, stricken from the files, and appellant excepted thereto. The cause was then dismissed at the cost of Floyd county, pursuant to said agreement.

Appellant filed his motion for a new trial, assigning therein various reasons, none of which are necessary to be considered in determining this controversy. The assignment of errors contains twelve specifications, only one of which—the third, which challenges the action of the court in striking said amended intervening petition from the files—is necessary to be considered. If in this matter the appellant did not have a right to intervene and thereby control the litigation and the disposition of the suit, the court did not err in striking out said petition, and all other alleged errors are of no controlling influence.

The appellees have filed their motion herein to dismiss this appeal, because, as they assert, the appellant was not a party to the judgment rendered, has no interest therein, and therefore no right to appeal.

Appellant had, by leave of court, duly filed his intervening petition. He was then a party to the action, and if his said petition was wrongfully stricken,

1. he has just cause to complain, and this court is the only place where his complaint in this case can be heard. He had the right to appeal, and the motion to dismiss must be overruled. *Voorhees* v. *Indian-*

*apolis Car, etc., Co.* (1895), 140 Ind. 220, 39 N. E. 738; *Thayer* v. *Kinder* (1910), 45 Ind. App. 111, 89 N. E. 408, 90 N. E. 323.

Was the appellant entitled to intervene in this matter?

The right of intervention has been defined to be "the admission, by leave of the court, of a person not an original party to the pending legal proceedings, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceedings." *Wightman* v. *Evanston Yaryan Co.* (1905), 217 Ill. 371, 75 N. E. 502, 108 Am. St. 258, 3 Ann. Cas. 1089. There was no such right at common law. See note to *Walker* v. *Sanders* (1908), 123 Am. St. 280, and authorities cited, Subd. II, a, where it is said: "Intervention was borrowed from the civil law, and while employed in the English ecclesiastical courts to some extent, it was unknown to the common law and also to the practice in equity."

The right of a party to intervene is, in this state, given by statute, and our statute, §273 Burns 1914, §272 R. S. 1881, reads as follows: "The court may determine any controversy between the parties before it, when it can be done without any prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy cannot be had, without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment."

It will be noted that the latter part of the above section is limited to cases where the action is "for the re-

covery of real or personal property," and provides that any person "having an interest in the subject thereof" may make application to be made a party, for leave to intervene.   It will not be contended that this latter part of the above section has any application to the matter in controversy in this suit.   This was a suit to recover a debt, money, and not to recover "real or personal property," as such.   If the appellant had any right to intervene in this suit, he must base that right upon the provisions contained in the first part of §273, *supra;* that he had an interest in the subject-matter of the suit, and by reason thereof the controversy between the original parties cannot be settled without doing prejudice to his rights.

The question at issue between the original parties and before the Floyd Circuit Court was, What amount, if any, is due to Floyd county as taxes on the alleged omitted personal property of Newland T. DePauw for the four years specified?   The court on a trial found that there was due to said Floyd county on said account a stated amount.   Did the appellant have any interest in this money?   Did any portion of said debt belong to him?   Was it necessary that he be admitted as a party to the action so that thereby the court might be enabled to arrive at the correct amount of money so due to Floyd county?   The mere statement of these propositions is sufficient; they need no answer.

In *Wightman* v. *Evanston Yaryan Co., supra,* which was a suit in equity, the appellant sought to intervene in a foreclosure suit on the ground of interest.   The court said:   "The sole ground of their claim of right to appear in that proceeding and prevent a decree of foreclosure is, that they had certain contracts with the defendant company to furnish them heat and light, which contracts would be impaired by a decree of foreclosure. In other words, they were mere contract creditors of

the corporation, and if they had the right to intervene in the foreclosure proceedings, then any other creditor of the corporation would have the same right, although his claim had not been reduced to judgment or otherwise made a lien upon the mortgage property."

The contention of the appellant in the case last cited is basically the same as that of the appellant in this case, viz., that his rights under his said contract of employment with Floyd county will be impaired, i.e., that the amount of compensation to which he may be entitled under his said contract will be diminished if the proposed compromise and settlement is allowed to stand.

The only parties legally concerned in the settlement of this question were the auditor, as the representative of the taxing units to which said money should be ultimately paid, and the estate of said DePauw.

The appellant had no original legal interest in this claim. If he had any interest therein at the time he filed his said petition, it was because of his contract with the board of commissioners. That contract, we hold did not, and under the law could not, transfer to him by assignment any legal interest therein; this on grounds of public policy. The transfer by assignment of such an interest could only tend to promote and prolong litigation—a thing which the law abhors and will not tolerate. To entitle one to intervene in an action, his interest as set forth and shown by his claim must be in the *subject-matter* of the suit. *Southern Pacific Co.* v. *Winton* (1901), 27 Tex. Civ. App. 503, 66 S. W. 477; *Kelley, etc., Co.* v. *Newman* (1898), 79 Ill. App. 285; *Israel* v. *Metropolitan, etc., R. Co.* (1901), 58 App. Div. 266, 69 N. Y. Supp. 218.

The appellant also claims a right to intervene in this cause as a taxpayer, based upon the following allegation in his said petition: "19. Your intervening petitioner further shows the court that he is a taxpayer in

the State of Indiana and that as such taxpayer he objects to the recognition of any agreement attempted to be made by the Board of Commissioners of Floyd County which attempts to give away a debt due to the State of Indiana." From a careful reading of said intervening petition, and the consideration of the various allegations therein contained, it clearly appears that appellant, as to his objection above quoted, was proceeding upon the theory that the entire matter of the compromise of said claim was, as to him, fraudulent and void, and that therefore he had a right *to intervene* and object thereto, and to all further proceedings sought to be taken under said compromise agreement.

In the case of *Anderson* v. *Jacksonville, etc., R. Co.* (1873), 2 Woods 628, Fed Cas. No. 358, certain persons, among them the trustees of the International Improvement Fund of the State of Florida, presented to the court an intervening petition, asking that certain proceedings then pending in said court be stayed. The court, Bradley, C. J., said: "The objection, in substance, is this: that persons who are not parties to a suit have no standing in court to enable them to file a petition in said suit. If they have occasion to ask any relief in relation to the matters involved in said suit, or to the proceedings therein, they must file an original bill. This is undoubtedly the general rule. Strangers to a cause cannot be heard therein either by petition or motion, except in certain cases arising from necessity, as where the pleadings contain scandal against a stranger, or where a stranger purchases the subject of litigation pending the suit, and the like. * * * It would be a source of great hardship if persons not parties were allowed thus to come in and interfere."

In the case of *Southern Pacific Co.* v. *Winton, supra,* an attorney had entered into a contract with his client to prosecute a suit, and to receive as compensation a

stated portion of whatever sum should be recovered. The client refused to proceed with the suit pursuant to the contract, and it was held that the attorney had no right to intervene, but must proceed in an action for damages against his client upon his said contract.

Under any view of this case, the appellant had no right, upon the record before us, to intervene in this case, and the judgment is therefore affirmed.