DUDLEY *v.* SEARS, ROEBUCK AND COMPANY, ET AL.

[No. 18,294. Filed December 31, 1952. Rehearing denied February 3, 1953. Transfer denied April 2, 1953.]

Glenn W. *Funk*, of Indianapolis, for appellant.

*Winslow Van Horne,* of Auburn, *William H. Dye,* of New Augusta, *Eugene M. Fife, Jr.* and *Max M. Plesser,* of Indianapolis, for appellees.

ACHOR, J.—This is an action begun by appellant, Irl O. Dudley as a taxpayer, and representing all other taxpayers of Marion County, Indiana, similarly situated, to set aside and vacate a certain judgment in the Circuit Court of Marion County. This judgment purported to set aside an assessment of the Auditor of Marion County, Indiana, against Sears, Roebuck and Company on certain omitted personal property for the years 1938 through 1947 inclusive. The amount of tax fixed by the Auditor for the years in question totalled $204,941.50. The judgment entered by the Court is as follows:

"IT IS THEREFORE, CONSIDERED, ADJUDGED AND DECREED BY THE COURT that that certain assessment of property of the appellant herein, Sears, Roebuck & Company, described as merchandise in layaway and merchandise in warehouses, which assessment was made by Ralph Moore, Auditor of Marion County, Indiana, as property omitted from taxation, and which was by him entered upon the tax duplicate of Marion County, Indiana, upon the 3rd day of November, 1948, be and the same is hereby set aside and held for naught and said auditor is hereby ordered to expunge the same from said duplicate; that said assessment be and the same hereby is remanded to said Auditor of Marion County, Indiana, with instructions to make and enter upon the tax duplicate of Marion County, Indiana, the following assessment upon the property of Sears, Roebuck & Company as and for property omitted from taxation to-wit:

(Here the court fixed the value of omitted property for each year in controversy)

"and that such assessment when so made shall be and constitute a final and complete assessment on all of such property of such description owned by

said Sears, Roebuck & Company and located in Marion County, Indiana, at any time prior to the date hereof; and said Auditor is further ordered to compute and enter the taxes due upon said assessment and enter the same upon said duplicate without penalty or interest if paid on or before the first day of April, 1949."

On the basis of the assessment purportedly fixed by the court, the tax on the omitted property amounted to $20,203.20.

Appellant's action was in the form of a verified petition in two paragraphs, filed in the original action, seeking in Paragraph I to have the judgment set aside and vacated and expunged as being illegal and void for the following reasons: (a) That the appeal was not perfected in time because the transcript of the Auditor was not filed within 90 days from the date of his finding, or within 90 days of the filing of bond by Sears, Roebuck and Company for the purpose of appeal to the Circuit; and (b) that, as stated in appellant's brief, "the appeal was not concerned with any judicial or legal question but a matter wholly administrative and legislative in character, and therefore the Circuit Court had no jurisdiction of the subject matter of said appeal."

In Paragraph II, the appellant herein asked that the judgment of the Circuit Court be set aside and held for naught for the reason that the attorneys for Sears, Roebuck and Company at the time of and prior to the taking of the appeal also represented the State of Indiana, notwithstanding the State's adverse interest. "That the judgment was an agreed entry prepared by the attorneys." That thereby the attorneys "actually fixed the new and greatly reduced assessment . . . thus usurping the authority of the Auditor of Marion County, . . . all without authority of law." That no evidence was heard, "and that by initialing and agreeing on the entry and

in falsely representing to the court that it had jurisdiction thus to determine a new tax assessment, the attorneys duped and defrauded the court, thus rendering the purported judgment void *ad initio.*"

The allegations of the petition were challenged by the filing of a demurrer, an amended demurrer, and by a third demurrer.

The third demurrer to both paragraphs of complaint was sustained. Petitioner refused to proceed further. Judgment was rendered that petitioner take nothing by his petition. This appeal followed.

The errors assigned and relied upon by appellant in this appeal are summarized as follows:

(1) Errors in pleading and practice incident to the filing of said multiple demurrers.

(2) The sustaining of the final (third) demurrer by the court as to both appellant's first and second paragraphs of complaint.

With regard to the first assigned error, it is asserted by appellant that the case of *Joseph et al.* v. *State* (1951), 229 Ind. 496, 501, 99 N. E. 2d 244, is decisive upon this point. In that case, the court (1) overruled the State's demurrer, (2) permitted the State to withdraw its demurrer, (3) permitted it to file a second demurrer, and (4) sustained the second demurrer. The Supreme Court negated the practice and stated as follows:

> " 'Clearly the Indiana practice does not permit the filing of successive demurrers on separate grounds. That is, a defendant may not first demur for defect of parties and if that is overruled then demur for insufficient facts, although no case is found which expressly decides this point. . . .
>
> " 'It is clear also that the statutes on amendment do not contemplate the amendment of a de-

murrer. . . . in terms they are limited to the amendments of pleadings, and in the sense in which these statutes use the word "pleading" a demurrer is not a pleading. On the other hand it would seem that the statutes on amendments are not necessarily exclusive and that the trial courts would have inherent power to permit an amendment of a demurrer *prior to a ruling on the demurrer. . . .*' 1 Gavit, Indiana Pleading and Practice, §135, pp. 649, 650.

"After the state's·demurrer was overruled on December 3, 1949 and a record thereof was made and signed by the court, its rights to demur in the case were exhausted and could not be extended by favorable action of the trial court on a motion to withdraw the demurrer thereafter made. It was, therefore, error to allow the demurrer to be withdrawn and to allow another demurrer to be thereafter filed."

In the above case, the court held that "after . . . the demurrer was overruled . . . and *a record thereof was made and signed by the court* its rights to demurrer. . . were exhausted and could not be extended by favorable action . . . on motion to withdraw the demurrer thereafter made. It was, therefore, error to allow the demurrer to be withdrawn and to allow another demurrer to be thereafter filed." (Our italics.) However, it must be observed that the above case does not contradict the inherent power of the court to alter, amend or set aside its former rulings and orders in procedural matters so long as the issue before it remains *in fieri*. Nor does the case go so far as to deny the court the right to set aside its *ruling* on a demurrer while the case was *in fieri*, if convinced of the error of his ruling. Nor does it pretend to hold that in event such ruling is set aside by the court, a party may not thereafter withdraw its demurrer and be permitted to file another demurrer to the pleading. In fact, the reasoning of the case would seem to support a contrary conclusion.

In the case before us, the court, on appellant's motion,

first *set aside its ruling* on the demurrer. Having so expunged the record of the ruling thereon, the reason for the rule in the Joseph case, *supra,* no longer existed. There being no "ruling on the demurrer," the court had authority to grant the withdrawal of the demurrer and permit the filing of an "amended" demurrer, the Joseph case notwithstanding.

We conclude, therefore, that, although the filing of multiple demurrers is ordinarily not permitted, under the circumstances above recited it did not constitute reversible error.

The second error assigned by appellant was the sustaining of the (third) demurrer to his petition. The demurrer, among other things, challenged the sufficiency of both appellant's first and second paragraphs of complaint upon the grounds (1) that appellant had no right as a taxpayer to attack the judgment, and (2) that the trial court was without jurisdiction for the reason that appellant's petition was filed in the original cause of action after term and without notice.

The demurrer further challenged the sufficiency of paragraphs one and two for grounds specifically related thereto. However, consideration need not be given to any of the other issues raised by the demurrer if it be true, as contended by appellee, that appellant as a taxpayer had no right to intervene, or if appellant's action was improperly filed so as not to give the court jurisdiction over the parties or the subject matter.

First, it is contended that a taxpayer has no right to intervene in a cause of action between a governmental body and another taxpayer, even though substantial loss or damage may be sustained by said taxpayer and other taxpayers as a class because of neglect, fraud or malfeasance on the part of government officials involved in the proceeding.

The case of *Van Der Veer* v. *Union Trust Co., etc.* (1920), 73 Ind. App. 336, 126 N. E. 38, is cited by appellee as conclusive authority for this position. However, an examination of that case discloses that the facts in that case are not analogous, nor is the conclusion therein controlling of the case before us. In the *Van Der Veer* case, *supra,* the appellant sought to intervene in the original action while the same was *pending* on motion for new trial, for the purpose of objecting to a proposed compromise settlement submitted to the court for approval by the parties. Without affirming the ruling of the court in that case, we do observe that in the case before us the appellant sought not to intervene or intermeddle in proceedings which remained *in fieri,* but in this proceeding he attacked the judgment as finally entered.

The right of a taxpayer to attack illegal or fraudulent transactions involving official acts has long been recognized in the common law. The theory upon which this right has been rationalized has been stated as follows:

". . . The outstanding barrier to the right or capacity of a taxpayer to attack the sale by a municipality or other political unit of its property is the lack of special interest which a taxpayer, as such merely, has in the transaction. *This may be said, in general, to apply to all taxpayers' actions.* However, taxpayers can and do successfully attack transactions involving official acts, although failing to allege damage to themselves different in character from that sustained by the public. The theory under which such actions have been permitted is said to be the pecuniary interest of the taxpayer which is involved whenever there is a waste of public funds or property, or the illegal assessment of a tax.

"In suits involving municipal corporations, taxpayers are frequently permitted to test the illegal conduct of public officers—this, by analogy to the equitable doctrine governing private corporations,

where stockholders are permitted to protect a corporation's funds from the illegal or fraudulent acts. of its officers." (Our italics.)

17 A. L. R. 2d 478, 479. See also 52 Am. Jur. Taxpayers' Actions, p. 2; *O'Boyle et al.* v. *Shannon* (1881), 80 Ind. 159; *Kimble* v. *Board, etc.* (1904), 32 Ind. App. 377, 66 N. E. 1023; *State ex rel.* v. *Holt* (1904), 163 Ind. 198, 71 N. E. 653; *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 99 N. E. 102; *Gilkison* v. *Darlington* (1952), 123 Ind. App. 28, 106 N. E. 2d 473, 478.

We conclude, therefore, that appellant, as a taxpayer in a class action, had a right to maintain this action.

As heretofore stated, appellee asserted as a second ground for demurrer that the court was without jurisdiction for the reason that appellant's petition to set aside the judgment was filed in the original action, after term and without notice. The general rule of law, as asserted by appellee, is well settled in this jurisdiction, that a cause of action to set aside a judgment after term must be by an independent action filed in the same court. §2-802, Burns' 1946 Replacement, *Gilkison* v. *Darlington, supra.* However, it is also true that our courts have held that,

"Although it (the action) is filed under the number of the old case we do not believe the relief should be denied. The matter can be ordered docketed under a new number, the change of judge can be granted, and the action can be set for trial to determine the issues of fraud that are raised by the complaint. It is not the name given to a pleading, or the number that is applied, which determine its force and effect. The whole tenor of the complaint and the demand for relief forces the conclusion that the claim is one for fraud in the service, the return, and in the procurement of the judgment."

*State ex rel. Roth* v. *Dickey, Judge* (1947), 225 Ind. 279, 282, 73 N. E. 2d 765.

We conclude therefore that, for the above reasons, appellant's failure to file his "petition" as a separate cause of action did not make it jurisdictionally fatal, although filed after term. Appellee also stresses the fact that it was not served with notice as required by the statute, §2-802, Burns' 1946 Replacement, *supra*, and contends that this failure was jurisdictional to appellant's case. Failure to give the required notice, as an issue, was not reserved and presented to this court as an issue in this appeal. It is, however, apparent from the record that appellees filed a general appearance and answer to appellant's action and must, therefore, be considered to have waived any issue as to service of notice.

We conclude, therefore, that no issue is presented as to the jurisdiction of the court over the parties and subject matter of the action, notwithstanding the form and procedural delinquencies attending his "petition."

The demurrer further challenged the sufficiency of other *facts* alleged in appellant's "petition." We, therefore, proceed to examine the issues thus raised.

Paragraph I of the petition sought to set aside the decree of the trial court as being void *ad initio* because of lack of jurisdiction in that court. It was alleged first, "that the appeal was not perfected in time for the reason that the transcript of the Auditor was not filed within 90 days from the date of his finding or within 90 days of the filing of bond by Sears, Roebuck and Company for the purpose of appeal to the Circuit Court." This allegation is obviously grounded upon a misconstruction of §64-2103, Burns' 1951 Replacement. Under that section appeal from the assessment of the County Auditor to the Circuit Court is taken by the taxpayer "filing his written undertaking with the auditor" "within ten (10) days after the enter-

ing of such omitted property on the tax duplicate . . ." This procedure was followed by the appellee and was sufficient. The section of the above statute which provided that "such appeal shall be taken as other appeals are taken from judgments in civil actions from the Circuit Court to the Supreme Court" has reference to appeals from the Circuit Court to the Supreme Court, and not to appeals from the Auditor to the Circuit Court, and is not applicable to the facts before us.

The appellee's demurrer to the second allegation of fact in Paragraph I of appellant's petition also challenged the jurisdiction of the court to entertain the appeal. Appellant does not set forth a copy of his petition in his brief, but makes a summation of this allegation of his brief as follows: "That the appeal was not concerned with any judicial or legal question but a matter wholly administrative and Legislative in character, and therefore the Circuit Court had no jurisdiction of the subject matter of said appeal."

The above statement standing alone presents no fact upon which to dispute the jurisdiction of the court. On the contrary, we are confronted with the obvious fact that in every instance where alleged omitted property has been added to the tax duplicates by the Auditor, the taxpayer may effect an appeal therefrom by posting his bond with the Auditor, and, by simple operation of the statute, the Circuit Court is *vested with jurisdiction* over the subject matter of the appeal for the purpose of determining whether or not there may have been an *abuse* of the "administrative and Legislative" authority of the Auditor because of fraud, corruption, dishonesty or capriciousness in connection with the assessment of such omitted property. *Peden et al.* v. *Board of Review of Cass County* (1935), 208 Ind. 215, 222, 195 N. E. 87; *State Board of T.*

*Com'rs.* v. *Chicago, M., St. P. & Pac. R. Co.* (1951), 121 Ind. App. 302, 96 N. E. 2d 279.

However, we are confronted with the circumstance that for other and *obvious reasons* appearing in the brief that part of the judgment which presumed to establish a new tax assessment was unconstitutional because of its encroachment upon the ministerial authority of the Auditor. §1, Article III, Constitution of Indiana.

> " 'Courts have no power to fix the value of property for taxation. That matter is not open to supervision of the judicial department of the State, unless it is so excessive as to amount to fraud. A court may defeat a fraudulent assessment, but it can not establish one in its stead.' "

*Peden et al.* v. *Board of Review of Cass County, supra,* pp. 221, 222.

We are asked to go to the record and examine the full text of the petition which was before the trial court in order that we may properly rule upon its sufficiency. This court has often enunciated the rule that it will not search the record in order to reverse the judgment of the court below. However, it is not to be considered that this court has so completely shackled itself by this general rule that it has denied itself the right to search the record when substantial justice requires, as when the briefs disclose a direct attack upon an obviously unconstitutional judgment, but matters essential to the appeal, are omitted from the briefs.

Under the circumstances confronting us, we feel constrained to search the record to determine whether or not the petition may have also denied the validity of the *judgment* because of the unlawful encroachment of the court upon the ministerial authority of the Auditor.

The second allegation of Paragraph I of appellant's petition, as set forth in the record, was as follows:

"That the appeal herein and the entry of February 25, 1949, show on their face that the appeal was not based on the Auditor wrongfully or illegally entering the property of the appellant upon the tax duplicate as property omitted from taxation but were based upon the allegedly incorrect assessment as to amounts in money; that this court, therefore, had no jurisdiction of the subject matter of the appeal, since said appeal was not concerned with any legal or judicial question, but was concerned with a matter purely administrative and ministerial in character; *that this court had no jurisdiction of the subject matter by reason of Article III, Section I of the Constitution of the State of Indiana providing for the separation of the powers of government into 'three separate divisions, the Legislative, the Executive including the Administrative and the Judicial'; that by reason thereof said pretended judgment of February 25, 1949, was a nullity, and therefore of no force and effect and should be expunged from the record and held for naught.*"

We do not espouse the reasons asserted by appellant in support of this paragraph of his petition. However, stripped of said reasoning the pleading still contains the fundamental and basic allegation that because of Constitutional limitations upon the jurisdiction of the court, "said pretended judgment of February 25, 1949, was a nullity, and therefore of no force and effect and should be expunged from the record and held for naught."

We conclude, therefore, that insofar as the Circuit Court presumed to establish a new assessment on the property of the taxpayer, the judgment was unconstitutional and void and was subject to equitable relief to set the same aside. To this extent, the appellant's petition stated a good cause of action and, therefore, the sustaining of appellees' demurrer thereto was error.

Paragraph II of appellant's petition also presents a troublesome problem. The parties are in sharp conflict as to the construction which should be placed upon the facts alleged therein. An examination of these allegations does not reveal that any fact in issue was either misrepresented to the court or concealed from him, or that he did not have full knowledge of the facts recited in the "agreed" judgment. We conclude, therefore, that the petition failed to state facts sufficient to constitute a cause of action for fraud. However, here again, upon facts stated in the briefs, we are confronted with the fact that the Circuit Court, which heard the appeal and entered judgment, did not merely set aside the assessment of the Auditor but proceeded to fix a new and different assessment, which judgment was unconstitutional and void *ab initio* as to the purported reassessment.

In the case before us, if we eliminate from consideration the allegations of fraud, we find that the petition still contains the fundamental and basic allegation that the judgment as entered usurped the exclusive authority of the Auditor to fix the assessment upon the omitted property and was, therefore, void *ab initio* to that extent.

Admittedly, these facts could be more directly and concisely pleaded. However, upon this issue, our courts have held that when the sufficiency of such pleadings are challenged by demurrer, the complaint will be deemed sufficient whenever the necessary allegations can be fairly gathered from all the averments, and facts impliedly averred will be given the same force as if directly stated. *Watson* v. *Brady* (1933), 205 Ind. 1, 185 N. E. 516.

Because of the fact of the apparent usurpation of authority as attempted by the judgment in controversy,

it was to the extent of such usurpation "void *ad initio*," as alleged by appellant. Whether or not the judgment was induced by fraud was not a necessary or controlling fact of the pleading. Under these circumstances, we believe the facts alleged in Paragraph II of appellant's petition were adequately stated to conform to the above rule.

Appellant's second paragraph of petition stated a good cause of action to set aside and vacate that portion of the judgment which exceeded the jurisdiction of the trial court and therefore the sustaining of the demurrer thereto was error.

Judgment is, therefore, reversed and the cause is remanded to the Circuit Court for further proceedings consistent herewith.

Royse, C. J., not participating.

NOTE.—Reported in 109 N. E. 2d 620.