**John A. HUTCHISON, For and In Behalf of Himself and All Other Taxpayers of the County of Jefferson, State of Indiana, Similarly Situated, Petitioner,**

v.

**INDIANA STATE BOARD OF TAX COMMISSIONERS, Wabash Valley Power Association, Inc., and Public Service Indiana, Inc., Respondents.**

No. 39T05–8709–TA–00039.

Tax Court of Indiana.

March 21, 1988.

Frank E. Spencer, Indianapolis, Thomas Martin Dattilo, Madison, for petitioner.

Larry J. Stroble, Ronald d'Avis, Barnes & Thornburg, Indianapolis, Ronald J. Brothers, Public Service Co. of Indiana, Inc., Plainfield, Carol A. Sparks, Parr Richey Obremskey & Morton, Linley E. Pearson, Atty. Gen. by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondents.

FISHER, Judge.

## STATEMENT OF THE CASE

John Hutchison brings this petition to set aside a final determination of the respondent State Board of Tax Commissioners, which reversed the Jefferson County Board of Review's determination assessing certain personal property owned by respondents Public Service Indiana, Inc. and Wabash Valley Power Association, Inc. The County Board assessed the property at a value of $26,431,660. Public Service Indiana and Wabash Valley Power Association appealed the assessment to the State Board, which determined the assessed value to be $2,179,260.

Hutchison attended the County Board hearing and was permitted to speak on the matter. He was not an owner of the property assessed, but was a Jefferson County taxpayer. Hutchison contends that he was entitled to notice of the State Board's hearing as a "party interested in the matter" under 50 IAC 1-1-4 because he participated in the County Board hearing and because the State Board's reduction of the assessment could have affected the assessment of his property.

The respondents have filed motion for summary judgment alleging that 50 IAC 1-1-4 is not valid. This Court must first determine whether it has jurisdiction to hear the appeal filed by Hutchison.

IC 33-3-5-1 et seq. (Supp.1986) created the Tax Court and provide that the Court has jurisdiction over "any case that arises under the tax laws of this state and that is an initial appeal of a final determination made by ... the state board of tax commissioners." IC 33-3-5-2(a). IC 33-3-5-11 provides, however, that a taxpayer who wishes to initiate an original tax appeal must file a petition in this Court and that "[i]f a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal."

IC 6-1.1-15-5(b) and (c) set forth the procedural prerequisites to take an appeal of the State Board of Tax Commissioners' determination to this Court. While the statute does not address the right of appeal by a third party taxpayer, this does not mean that Hutchison is without a forum. "[W]here the statute provides for a procedure ... for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions *are adequate* in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law." *Public Service Commission v. City of Indianapolis* (1956), 235 Ind. 70, 83, 131 N.E.2d 308, 313 (emphasis added). *See also Cooper v. County Board of Review of Grant County* (1971), 150 Ind.App. 232, 276 N.E.2d 533, 539; *State Board of Tax Commissioners v. Oliverius* (1973), 156 Ind.App. 46, 294 N.E.2d 646, 648.

Third party taxpayers may seek other avenues to redress their concerns about the underassessment of property owned by others. IC 6-1.1-15-5 permits the county executive, under certain conditions, to seek judicial review of the State Board's determination. Furthermore, "[t]he right of a taxpayer to attack illegal or fraudulent transactions involving official acts has long been recognized in the common law." *Dudley v. Sears, Roebuck & Co.* (1952), 123 Ind.App. 358, 109 N.E.2d 620, 624. *See* Annotation, *Standing Of One Taxpayer To Complain Of Underassessment Or Nonassessment Of Property Of Another For State & Local Taxation*, 9 A.L.R. 4th 428 (1981).

■ While Hutchison has not alleged that the determination of the State Board is itself arbitrary and capricious or not according to law, he does allege that the procedure by which the determination was made was unlawful and was arbitrary and capricious insofar as the State Board failed to follow its regulation. Because no statutory provision for a procedure for a judicial remedy for a third party such as Hutchison exists and because a common law right of appeal is available, this Court finds that it has jurisdiction to entertain Hutchison's petition.

■ The relevant portion of 50 IAC 1-1-4 provides that "[t]he secretary of the

[State] Board [of Tax Commissioners] shall then fix the date for hearing of such appeal and notify all parties interested in the matter...." IC 6–1.1–15–3 and IC 6–1.1–15–4 contain the statutory authority for 50 IAC 1–1–4. IC 6–1.1–15–3(a) provides "[a] taxpayer may obtain a review by the state board of tax commissioners of a county board of review's actions with respect to the assessment of that taxpayer's tangible property if the county board's action requires the giving of notice to the taxpayer." IC 6–1.1–15–4(a) provides "[t]he state board shall give notice of the date fixed for the hearing, by mail, to the taxpayer and to the appropriate township assessor, county assessor, and county auditor." The State Board gave notice in compliance with IC 6–1.1–15–4.

50 IAC 1–1–4 was promulgated in 1946 pursuant to a statute which gave a third party taxpayer the right to appeal a County Board's assessment determination of any property in the county to the State Board. *See* Burns' 1951 Replacement § 64–1321. The statute was repealed, so third party taxpayers no longer have a statutory right to appeal a County Board determination, but the regulation was neither repealed nor amended.

Hutchison argues that 50 IAC 1–1–4 is valid and that the State Board is bound to follow it. Assuming *arguendo* that he would qualify as a "party interested in the matter," the Court holds that the regulation is no longer valid and is a nullity.

 An administrative agency's regulations must fall within the scope of the agency's enabling legislation. The agency cannot enlarge or vary the power given by the legislature or create a rule out of harmony with the statute. *See Blue v. Beach* (1900), 155 Ind. 121, 56 N.E. 89; *Wallace v. Feehan* (1934), 206 Ind. 522, 190 N.E. 438; *Shultz v. State* (1981), Ind.App., 417 N.E.2d 1127, 1136. The statute IC 6–1.1–15–4 and the regulation 50 IAC 1–1–4 are out of harmony with respect to notice.

> By its failure to amend its regulations consistent with the restriction of the scope of the enabling legislation under which they were originally promulgated, an agency cannot retain power which it has lost through legislative amendment. While this court recognizes that the delegation of legislative power is necessary for the effectiveness of modern government, we also recognize that the legislature's prerogative to control that power should be assiduously respected.

*Shultz,* 417 N.E.2d at 1136 (citation omitted). Since the regulation is a nullity, Hutchison was not entitled to notice of the hearing.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that for the reasons stated above, the motions for summary judgment filed by respondents, Indiana State Board of Tax Commissioners, Wabash Valley Power Association, Inc. and Public Service Indiana, Inc., are granted.