George SCHOFFSTALL, Individually and as Treasurer of Vigo County, Indiana, Appellant (Plaintiff below),

v.

Crawford FAILEY, Bruce Sherman, and Board of Tax Commissioners of the State of Indiana, Appellees (Defendants below).

No. 1-978A255.

Court of Appeals of Indiana, First District.

May 21, 1979.

Gerald H. McGlone, McGlone & Abel, Terre Haute, Kenneth C. Miller, Miller & Miller, Brazil, for appellant.

Cox, Zwerner, Gambill & Sullivan, Terre Haute, Craig, Craig & Yelton, Brazil, for appellees.

ROBERTSON, Judge.

Plaintiff-appellant, George Schoffstall (Treasurer), on behalf of himself and all other taxpayers of Vigo County and as Treasurer of Vigo County, appeals a summary judgment rendered against him on his complaint to set aside a judgment against the Treasurer's predecessor dated March 24, 1971.

We affirm in part and reverse in part.

The original action, which the Treasurer is attempting to set aside, was a complaint for reassessment and refund of taxes concerning certain real estate of Crawford Failey and Bruce Sherman (taxpayers) brought

in Vigo Superior Court on December 30, 1970. On March 24, 1971, judgment was entered decreeing a top limit on the assessment value, enjoining the Treasurer's predecessor from collecting certain taxes and decreeing a credit for taxes already paid. Further proceedings were had to enforce the judgment.

This action was brought by the Treasurer in 1975 to set aside the judgment described above on the ground that the judgment was void. The Treasurer advances this argument on the theory that the original court did not have subject matter jurisdiction because the taxpayers did not exhaust their administrative remedies and because the trial court exceeded its authority in setting an assessment value. Both parties moved for summary judgment and the trial court ruled in favor of the defendant-appellee taxpayers.

We first consider the Treasurer's claim that the judgment is void and is of no effect on the ground that the trial court had no subject matter jurisdiction because the statutory requirement of exhaustion of administrative remedies was not followed. The Treasurer correctly states the effect of a lack of subject-matter jurisdiction as creating a void judgment—it is as if the case had never been decided. Thus, it has been stated that there is no question of discretion on the part of a court reviewing a void judgment, "[e]ither a judgment is void or it is valid." C. Wright & A. Miller, Federal Practice and Procedure, (1973) Civil § 2862. And there is no time limit or laches on an attack on a judgment as void. *State v. Lindsey* (1952), 231 Ind. 126, 106 N.E.2d 230; Wright & Miller, *supra* at § 2862.

Wright & Miller are even of the opinion that the reasonable time standard of Federal Trial Rules of Procedure § 60(B) would not apply. Other effects of the void judgment rule are that an appellate court must raise the subject matter jurisdiction issue *sua sponte* and that there can be no waiver of the issue or conferred jurisdiction by consent. *Matter of City of Ft. Wayne* (1978), Ind.App., 381 N.E.2d 1093, 1095.

These considerations must be tempered, however, against the goal of finality, and the following point has been made:

> . . . a court has jurisdiction to determine its own jurisdiction . . . . A court's determination that it has jurisdiction of the subject matter is *res judicata* on that issue, if the jurisdictional question actually was litigated and decided or if a party had an opportunity to contest subject matter jurisdiction and failed to do so.

Wright & Miller, *supra* at § 2862.[1]

And it has been further stated:

> In the interest of finality, the concept of void judgment is narrowly construed. While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction and an error in that jurisdiction will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

*Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645 (1st Cir. 1972).

The Treasurer outlines at some length the various statutory procedures to contest

---

1. The Restatement of Judgments § 10 (1947) frames the problem as follows:

   § 10. Res Judicata and Jurisdiction Over The Subject Matter.

   (1) Where a court has jurisdiction over the parties and determines that it has jurisdiction over the subject matter, the parties cannot collaterally attack the judgment on the ground that the court did not have jurisdiction over the subject matter, unless the policy underlying the doctrine of res judicata is outweighed by the policy against permitting the court to act beyond its jurisdiction.

   (2) Among the factors appropriate to be considered in determining that collateral attack should be permitted are that
   (a) the lack of jurisdiction over the subject matter was clear;
   (b) the determination as to jurisdiction depended upon a question of law rather than of fact;
   (c) the court was one of limited and not of general jurisdiction;
   (d) the question of jurisdiction was not actually litigated;
   (e) the policy against the court's acting beyond its jurisdiction is strong.

a reassessment in the administrative agencies before properly invoking the trial court's jurisdiction. The Treasurer would not deny, however, that under *Ind.Code* 6–1–34–4[2] an appeal, under the proper circumstances, may be made to a circuit or superior court. In the original action, the taxpayers alleged in their complaint that they had exhausted their legal remedies, and the court in its judgment, found as a *jurisdictional fact* that they had exhausted their administrative remedies. From the record before us of the original action, albeit incomplete, it appears the issue was litigated. At the least, it was raised as an issue and resolved as a fact by the court.

■■■ Where the record does not disclose the lack of jurisdiction, we cannot presume that it was absent. If we indulge in any presumption, it must be in favor of the trial court's action. In all cases appealed to this court, there is a presumption that the trial court correctly decided the questions presented. It is incumbent upon the appellant to rebut this presumption. *State Board of Tax Commissioners v. Oliverius* (1973), 156 Ind.App. 46, 294 N.E.2d 646. *On the basis of the record,*[3] we do not think that the Treasurer has overcome this presumption, especially here, where the trial court has made a specific finding on the issue.

The second ground upon which the Treasurer contends that the judgment is void is that the trial court in the original action exceeded its authority in setting an upper limit for reassessment.

■■■ On the face of the record, it is clear that the trial court did exceed its authority by setting a limit. The statute states that the trial court must send the case back to the proper administrative body for reassessment.[4] The court itself cannot set the reassessment amount. *State Board*

*of Tax Commissioners v. Valparaiso Golf Club, Inc.* (1975), 164 Ind.App. 687, 330 N.E. 394; *Indiana State Board of Tax Commissioners v. Pappas* (1973), 158 Ind.App. 327, 302 N.E.2d 858. Even ordering that certain tax returns stand as originally filed instead of the reassessment value fixed by the State Board is considered an excess of authority. *State Board of Tax Commissioners v. Farmers Co-op of Remington* (1977), Ind. App., 370 N.E.2d 389. We further note that in *Dudley v. Sears, Roebuck & Co.* (1952), 123 Ind.App. 358, 109 N.E.2d 620, the court put the excess of authority in *jurisdictional* terms.

Therefore, that part of the trial court's determination that set the upper limit is void and of no effect. The rest of the judgment stands.

Affirmed in part, reversed in part and remanded for any further action not inconsistent with this opinion.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

**2.** Repealed by 1975 P.L. 47, § 1, p. 247, now IC 6–1.1–15–5.

**3.** Both parties argue in their briefs that this is a collateral action on the previous judgment and that the lack of jurisdiction must appear on the face of the record. The Treasurer's evidence of lack of subject matter jurisdiction is an affida-

vit from an officer of the State Board of Tax Commissioners and a quotation from the taxpayers' brief in proceedings supplemental to the original action.

**4.** IC 6–1–31–4, repealed by Acts 1975, P.L. 47, § 1, p. 247, now IC 6–1.1–15–8.