Rebecca Rish MANN, Appellant
(Respondent Below),

v.

James F. MANN, Jr., Appellee
(Petitioner Below).

No. 50A03–8712–CV–00341.

Court of Appeals of Indiana,
Third District.

Sept. 26, 1988.
Rehearing Denied Nov. 23, 1988.

Aladean M. Derose, South Bend, for appellant.

James E. Easterday, Sowinski, Easterday & Ummel, Plymouth, for appellee.

STATON, Judge.

Rebecca Rish Mann (Rebecca) appeals the trial court's judgment dissolving her marriage to James F. Mann, Jr. (James). This appeal raises three issues, restated as:

1) Whether the trial court erred in denying her motion for new trial.

2) Whether the trial court erred in refusing to consider her request for maintenance.

3) Whether the trial court's finding that the stock in the News Publishing Company was not a marital asset is contrary to the evidence.

We affirm.

James filed a Petition for Dissolution of Marriage on May 1, 1985, in the Marshall Superior Court. A hearing on the "Petition" was set for July 10, 1985. On July 8,

1985, Rebecca filed a Motion to Dismiss for lack of jurisdiction. Hearing on this motion was also set for July 10, 1985. After hearing evidence on the motion to dismiss, the court found that it had subject matter jurisdiction and proceeded with the hearing on the petition for dissolution. The trial court entered an order dissolving the marriage, awarding child custody and support to Rebecca and providing that James continue his insurance coverage for Rebecca for her upcoming surgery.

Rebecca filed a motion to correct errors and for a new trial on September 9, 1985. The trial court granted a new trial on the issue of division of property and payment of debts and denied the motion in all other respects. No appeal was taken from this order. The new trial was held on June 25, 1987. At this time, Rebecca made an oral motion for new trial, based on newly discovered evidence, on the issue of subject matter jurisdiction. The trial court denied the motion and heard evidence on the division of property and payment of debts issue. Later, the trial court entered an order modifying the July 10, 1985, judgment to provide for the property division and payment of debts.

Rebecca filed a motion to correct errors challenging: the trial court's denial of the motion for new trial; its refusal to consider spousal maintenance; and its finding that James did not own stock in the News Publishing Company. This motion was denied on November 23, 1987.

## I.

### Jurisdiction

Rebecca first raises the issue whether the trial court erred in denying the motion for new trial on the issue of subject matter jurisdiction. She argues that because her motion for new trial concerned the trial court's jurisdiction, the court did not have the discretion to deny the motion.

In support of this argument she cites *Schoffstall v. Failey* (1979), 180 Ind.App.

528, 389 N.E.2d 361, for the proposition that "there is no ... discretion on the part of a court reviewing a void judgment...." *Id.* 389 N.E.2d at 363. This reliance is misplaced. Rebecca was not asking the court to review a void judgment. Her motion for a new trial was a T.R. 60(B) motion for relief from judgment based on newly discovered evidence. She asked for a new trial on the issue of jurisdiction because she had discovered evidence to rebut James' allegation that he was a resident of Indiana.[1]

T.R. 60(B) motions made on the basis of newly discovered evidence must be made within one year after the judgment is entered. *In re Marriage of Jones* (1979), 180 Ind.App. 496, 389 N.E.2d 338, 340. T.R. 60(B)(8). The trial court's judgment was entered on July 10, 1985. Rebecca did not make her motion for new trial until June 25, 1987. Thus, the motion was not timely made and the trial court did not err in denying it.

The fact that the motion for new trial concerned jurisdiction does not affect our determination that the motion was untimely. Generally, the issue whether a court has subject matter jurisdiction may not be waived. *DuShane v. DuShane* (1985), Ind.App., 486 N.E.2d 1106, 1107. Further, judgments that are void for lack of subject matter jurisdiction are open to collateral attack. *Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126, 1133. Whether the judgment is void depends upon whether the trial court lacks jurisdiction over the general class of cases to which the particular case belongs. If so, the judgment is void. A court may have general subject matter jurisdiction, but not jurisdiction over the specific case before it because of the particular facts of that case. *Matter of Adoption of H.S.* (1985), Ind. App., 483 N.E.2d 777, 780. When a judgment is rendered by a court without jurisdiction of the particular case, the judgment is not void and any objections to the court's exercise of jurisdiction will be waived if not made in a proper and timely fashion.

1. Pursuant to I.C. 31–1–11.5–6, at least one of the parties to a dissolution proceeding must be a resident of Indiana for at least six months preceding the filing of the petition. If neither party

meets this requirement, the court does not have jurisdiction to hear the case. *Orejuela v. Orejuela* (1986), Ind.App., 494 N.E.2d 329, 331. Rebecca was not a resident of Indiana.

*Chemco Transport, Inc. v. Conn* (1987), Ind.App., 506 N.E.2d 1111, 1114, reversed in part on other grounds, (1988), Ind., 527 N.E.2d 179.

■ In the present case, Rebecca challenged the trial court's jurisdiction on the ground that neither she nor James was an Indiana resident. Whether James was a resident of Indiana, as he alleged, was a factual question to be determined by the trial court. *Orejuela v. Orejuela* (1986), Ind.App., 494 N.E.2d 329, 332. Thus, the court's jurisdiction was dependent on the facts of the particular case. Any challenge to the court's determination that it had jurisdiction had to be made in a timely manner. Rebecca failed to do so and has not preserved this issue for review.

## II.

### *Maintenance*

■ Rebecca next raises the issue whether the trial court erred in refusing to consider her request for maintenance. At the second trial, the trial court refused to hear evidence on maintenance because the trial was limited to a determination of property division and payment of debts. Rebecca contends the trial court erred in treating maintenance as an issue separate and distinct from property division because both property division and maintenance are treated in IC 31–1–11.5–11.

This argument is no more than an attempt by Rebecca to avoid the fact that she waived any challenge to the trial court's judgment concerning maintenance after the first trial. In her first motion to correct errors, Rebecca included eight separate specifications of error. Specification number three states that "[t]he denial of [her] claims for rehabilitative maintenance or maintenance due to incapacity (IC 31–1–11.-5–11(e)(1) & (3), respectively) was erroneous given the evidence of her poor health and her unemployment." (R. 48.) "Specification number six states that [t]he finding that the parties owned no property at the time of separation and the division of property accordingly was erroneous as a matter of law and evidence." (R. 48.) The trial court granted a new trial on the issue of property division and payment of debts and

denied the motion on all other grounds. Rebecca treated the maintenance and division of property issues separately and she cannot complain because the trial court did the same.

Rebecca did not appeal from the trial court's order denying her motion to correct error on the maintenance issue, thus, she has not preserved that issue for review. *Shettle v. Smith* (1981), Ind.App., 425 N.E.2d 713, 715, *reh. denied* 428 N.E.2d 33, *modified* (1982), 436 N.E.2d 361. Furthermore, the record does not support Rebecca's contention that the trial court disregarded her request for maintenance. The July 10, 1985, order specifically provided that James had to continue her insurance coverage for her upcoming surgery and to process any claims made by Rebecca for those medical expenses. The trial court did not err in refusing to consider the maintenance issue at the second trial.

## III.

### *Stock*

■ Rebecca next raises the issue whether the trial court erred in finding that the News Publishing stock was not a marital asset. On appeal, we will not reweigh the evidence or judge the credibility of witnesses. *Brown v. Brown* (1988), Ind.App., 519 N.E.2d 1259, 1261. A review of the record reveals that at some point during his marriage to Rebecca, James owned stock in the News Publishing Company. James testified that the stock was given to his uncle sometime in the late 1960's or early 1970's in payment of a debt. Rebecca introduced evidence that James had used the stock as collateral for a bank loan in 1974. Contrary to Rebecca's argument, the fact that James held the stock in 1974 is not proof that he held it in 1985. The trial court was free to accept James' testimony that he no longer had the stock. We find no error here.

AFFIRMED.

RATLIFF, C.J., and GARRARD, P.J., concur.