Alejandro B. CASTILLO, Appellant
(Plaintiff Below)

v.

Michael P. RUGGIERO, D.O.; Joseph L.
Lach, M.D.; David S. Rozenfeld, M.D.;
Fred Adler, M.D.; Marc A. Levin, M.D.;
Titu Aron, M.D.; and St. Catherine
Hospital, Appellees (Defendants Be-
low).

No. 45A03–8903–CV–00118.

Court of Appeals of Indiana,
Third District.

Nov. 14, 1990.

Lonnie M. Randolph, East Chicago, for appellant.

Robert F. Parker, Beckman, Kelly & Smith, Hammond, for St. Catherine Hosp.

David M. McTigue, Anthony D. Kowals, South Bend, for Titu Aron, M.D.

David C. Jensen, John M. McCrum, Eichhorn, Eichhorn & Link, Hammond, for Michael P. Ruggiero, D.O., Joseph L. Lach, M.D., David S. Rozenfeld, M.D., Fred Adler, M.D. and Marc A. Levin, M.D.

STATON, Judge.

Alejandro Castillo appeals the grant of a motion to dismiss in favor of the Physicians and the grant of summary judgment in

favor of St. Catherine Hospital. Castillo presents four issues for review, which we rephrase as follows:

1. Whether the trial court erred in rescinding Castillo's continuance of September 28, 1988, and proceeding that day with the scheduled hearing on the Physicians' motion to compel discovery and sanctions in Castillo's absence.
2. Whether the trial court erred in granting the Physicians' motion to compel discovery.
3. Whether the trial court erred in granting the Physicians' motion to dismiss for failure to comply with the discovery order.
4. Whether the trial court erred in granting the Hospital's motion for summary judgment.

Affirmed.

On May 22, 1986, Alejandro Castillo was involved in an automobile accident and was taken to St. Catherine Hospital, where he was treated by a number of physicians. Castillo was discharged from the hospital on June 12, 1986. He is currently a quadraplegic. On May 23, 1988, he filed a complaint against the Physicians and the Hospital, alleging that each of the defendants failed to exercise the proper standard of care with respect to his diagnosis and treatment, and that such negligence caused his permanent spinal cord injuries.

Castillo filed his complaint with the Lake County Superior Court, as well as with the Indiana Department of Insurance pursuant to the requirements of the Indiana Medical Malpractice Act, IC 16–9.5–1–1 et seq. (1990 Burns Repl. Vol.)[1]

Shortly after the complaint was filed, the defendants presented Castillo with a series of discovery requests: interrogatories, requests for production, and forms authorizing the release of Castillo's medical records. After becoming dissatisfied with Castillo's response to these discovery requests, the Physicians filed a motion to compel discovery and for sanctions with the Lake County Superior Court on August

29, 1988, attaching a copy of the complaint as required by IC 16–9.5–10–1.

On September 12, 1988, the court set a hearing on the Physicians' motion to compel discovery for September 28, 1988. Castillo countered with a motion to dismiss the Physicians' motion to compel discovery on September 16, 1988. Castillo's motion was denied. Later, on the morning of September 28, after unsuccessful attempts to obtain the Physicians' consent to a continuance, a law clerk employed by Castillo's attorney secured the judge's authorization to a continuance.

Shortly thereafter, the Physicians' attorneys arrived and were surprised to learn that the hearing scheduled for that morning had been continued. The judge exhibited the same reaction, and decided to proceed with the hearing in the absence of Castillo's attorney. After the hearing, on September 30, 1988, the judge issued an order giving Castillo thirty (30) days to comply with the Physicians' discovery requests, and ordering Castillo's attorney to pay costs and attorneys fees totalling nearly $850.00.

On November 14, 1988, a hearing was held on Castillo's motion to reconsider sanctions. The motion was denied. On November 23, 1988, in response to the Physicians' report of Castillo's noncompliance with the September 30 order compelling discovery, the trial court dismissed the complaint with prejudice, and ordered the complaint expunged from the files of the Department of Insurance. Some time later, the court granted the Hospital's Motion for Summary Judgment.

## I.

### Rescission of the "Continuance"

Castillo first argues that the trial court abused its discretion by rescinding the continuance, and then proceeding to the hearing on the Physicians' motion to compel discovery. Castillo's attorney opines that he and his client were injured by the ac-

---

1. Castillo also filed the complaint with the Lake County Superior Court. This complaint was venued to Porter County prior to being dismissed by party stipulation due to the primary jurisdiction of the Department of Insurance. IC 16–9.5–9–2.

tions of the trial court, in that his absence from the hearing denied him the opportunity to explain the difficulties he experienced obtaining information from his client.

■ The granting or denial of a continuance is within the discretion of the trial court. *Chambers v. Public Service Co. of Indiana, Inc.* (1976), 265 Ind. 336, 355 N.E.2d 781; *Farm Bureau Mutual Insurance Co. v. Dercach* (1983), Ind.App., 450 N.E.2d 537, *trans. denied.* Similarly, the decision to set aside a continuance is within the trial court's discretion. *Town of Portage v. Clifford* (1970), 254 Ind. 443, 260 N.E.2d 566; *Barner v. Bayless* (1893), 134 Ind. 600, 605, 33 N.E. 907, 909. However, "once a continuance is granted, and the moving party led to rely on the order granting the continuance, the continuance may not be set aside if injustice will thereby be done to either party." *Town of Portage, supra,* 254 Ind. at 450, 260 N.E.2d at 571.

In *Barner,* counsel for the appellants obtained a continuance due to an illness in the family, but the trial court subsequently set it aside. *Id.* 134 Ind. at 605, 33 N.E. at 909. The Indiana Supreme Court found that it was not error to set aside the continuance because the parties were given ample time to prepare their case for trial after the continuance had been rescinded, and therefore, there was "nothing in the record showing that the appellants were in any way injured by this action of the court." *Id.*

Similarly, in *Town of Portage,* the trial court rescinded a continuance secured by the appellants after the court learned that the appellees had not given their consent to the delay. *Id.* at 446–47, 260 N.E.2d at 568. The court then reinstated the original hearing date on the appellees' summary judgment motion, and proceeded with the hearing. The appellants were not informed of the reinstatement of the hearing until the day and time it was to be held, and were not present in person or by counsel. At the hearing, the trial court granted the appellees' summary judgment motion.

On appeal, our supreme court reversed, finding ample evidence in the record to establish that the appellants were injured by the trial court's rescission of the continuance. *Id.* at 451–52, 260 N.E.2d at 571. The record in *Town of Portage* revealed that appellants' counsel rightfully relied upon the continuance granted by the trial court. Furthermore, the appellants were clearly prejudiced by the entry of a default judgment. These factors distinguish the *Town of Portage* case from the case at bar.

■ First, the record indicates that counsel for Castillo had no right to rely on the "continuance" he secured from the trial judge. The order of September 30, 1988, resulting from the hearing in question states in part:

6. That at 8:19 a.m. on the morning of the hearing, attorney [Castillo's] Randolph's paralegal telephoned the office of attorney McCrum to advise that attorney Randolph would not appear at the hearing due to "other commitments," despite the fact that Randolph's oral request for continuance had been denied by the court.

7. That at approximately 9:00 a.m. on the morning of the hearing, attorney Randolph's paralegal appeared in open court and presented, by way of motion blank entry, respondent's written motion for continuance.

8. That said paralegal failed to offer any background information or otherwise inform the court about the circumstances and timing of the request; the court was not advised that neither attorneys McCrum nor McTigue had been given due notice of the written motion, which would have enabled them to object or otherwise respond to said motion.

9. That the court, under these circumstances, entered an order granting respondent's motion for continuance.

10. That as an officer of the court, attorney Randolph was obliged to present all of the facts surrounding respondent's motion for continuance to the court; that he failed to do so; and that as a result the court was misled into entering the order.

11. That the respondent's motion, unverified and unsupported by the facts,

was inappropriate and improper; and that the order granting the motion is hereby rescinded.

■ As the trial court stated, the motion in question failed to satisfy the requirements for a motion for continuance as prescribed by Ind. Rules of Procedure, Rule 53.5, as it did not establish good cause by affidavit or other evidence. Furthermore, it is not apparent that Castillo's attorney submitted a written motion for a continuance, because he has not favored this court with a copy of the motion in the record of the proceedings. Error alleged that is not disclosed by the record is not a proper subject for review. *Associated Truck Lines, Inc. v. Public Service Commission of Indiana* (1986), Ind.App., 492 N.E.2d 704.[2]

Assuming, *arguendo*, that Castillo obtained a valid continuance, there would still be no error in the trial court's order for complete and non-evasive answers to the interrogatories, as Castillo has not shown how he has been injured by the determination. The order stemming from the September 28, 1988 hearing reads as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that petitioners' motions to compel discovery and for sanctions be, and are hereby granted; that respondent Castillo is ordered to deliver to counsel for the petitioners within thirty (30) days of the date of this order complete and non-evasive answers to interrogatories 12, 13, 14, 16, 18, 21, 25 through 32, and 36 of petitioners Ruggiero, Lach, Rozenfeld, Adler, and Levin, or suffer dismissal of the cause with prejudice; that respondent Castillo is ordered to deliver to counsel for the petitioners within thirty (30) days of the date of this order complete and nonevasive answers to interrogatories 4 through 7, 10, 27 through 30, and 34 through 38 of petitioner Aron, or suffer dismissal of the cause with prejudice; that counsel for respondent Castillo, Lonnie M. Randolph, is ordered to pay to petitioners Ruggiero,

et al, costs in the sum of $405; and attorney Randolph is further ordered to pay to petitioner Aron costs in the sum of $441.88, such payments to be made to petitioners' respective counsel within thirty (30) days of the date of this order, or respondent Castillo shall suffer dismissal of the cause with prejudice.

The order clearly indicates that Castillo would have thirty (30) days to comply with the Physicians' requests for complete and non-evasive answers to the designated interrogatories. This allowed him thirty days to either answer the questions in the specified manner, to file a motion for a protective order under T.R. 26(C), or to file a motion for an enlargement of time to respond under T.R. 6(B).

Instead, Castillo's attorney ignored the extended deadline for submitting answers to the interrogatories. Thus, he has not shown how he was prejudiced by the order compelling discovery. Castillo's attorney argues, however, that he was further injured when the court awarded sanctions against him in the form of attorney's fees and costs.

Trial Rule 37 describes the procedure for a motion to compel and provides for a number of sanctions for failure to comply with the discovery request. That portion of T.R. 37 applicable to this situation states:

(4) *Award of expenses of motion.* If the motion is granted, the court shall after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

\* \* \* \* \* \*

■ Once a court grants a motion to compel discovery, a presumption arises

---

**2.** A review of the record indicates only that a lawclerk or paralegal working for Castillo's attorney obtained the continuance, apparently *viva voce.* We seriously question the propriety of this conduct.

that reimbursement of the prevailing party's expenses is in order. *Georgetown Steel Corp. v. Chaffee* (1988), Ind.App., 519 N.E.2d 574, *trans. denied.* This award is mandatory, subject only to a showing that the losing party was "substantially justified," or that "other circumstances make an award of expenses unjust." *Id.* Castillo's attorney complains that he was not present at the hearing, and therefore, had no opportunity to justify his actions. Although we agree that the requirements of due process apply to proceedings to impose sanctions against an attorney, *Hill v. Norfolk & Western Railway Co.* (7th Cir.1987), 814 F.2d 1192, we do not find that reversal of the award of sanctions is warranted in this case.[3]

◼ First, there is no doubt that Castillo's attorney received notice of the September 28th hearing, as evidenced by his attempts to obtain a continuance. Likewise, it is beyond dispute that Castillo had the opportunity to justify his perceived opposition to the interrogatories but failed to attend the hearing, opting instead to delay the hearing at the eleventh hour.

Even if this court was to hold that Castillo obtained a valid continuance upon which he rightfully relied, there is still no ground for reversal. Any error in holding the hearing without the presence of Castillo or his attorney was remedied by the hearing on Castillo's motion for reconsideration of sanctions, at which time his attorney extensively and forcefully explained his behavior. Castillo's attorney submitted documentary and testimonial evidence, and extensively questioned opposing counsel. Following the hearing, the trial court denied Castillo's motion to reconsider.

This conclusion comports with what little case law exists on this issue. For instance, in the case most analogous to the present situation, the court in *Brady v. Fireman's Fund Insurance Cos.* (1984), D.C.App., 484 A.2d 566, found that, while it was a due

process violation to hold the defense counsel liable for the plaintiff's attorney's fees without giving prior notice that sanctions may be levied, the error was cured when counsel was given an opportunity to defend himself on his motion for relief from judgment. In the present situation, Castillo had ample notice that the Physicians were seeking sanctions for failure to answer interrogatories and was given the opportunity to argue his side extensively.

Conversely, in *Weidner v. Superior Court, Third Judicial Circuit* (1986), Alaska App., 715 P.2d 264, the court reversed an order imposing sanctions, finding that the award of sanctions after trial, without a hearing, violated the attorney's right to notice and the opportunity to be heard in opposition. The *Weidner* court granted the attorney a hearing regarding the sanctions on remand. As stated above, even if a due process violation existed in this case, the error was remedied by the hearing on Castillo's motion to reconsider sanctions. For this court to now reverse and remand for an additional hearing would be to duplicate the efforts of the trial court. This court is not inclined to promote such an inefficient use of judicial resources.

There is no error in the trial court's rescission of the continuance, and in holding the hearing on the motion to compel discovery and sanctions.

## II.

### Grant of the Motion to Compel

Castillo next asserts that, regardless of the controversy surrounding the continuance, the trial court committed reversible error in granting the Physicians' motion to compel because Castillo answered the interrogatories honestly and to the best of his ability. Following the hearing on the motion to compel, the trial court issued its order requiring complete and non-evasive

---

**3.** Castillo raises the spectre of due process error in his brief, but fails to cite cogent argument or supporting authority in accordance with Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). Normally, failure to comply with A.R. 8.3(A)(7) results in waiver of the issue on appeal. *See,*

*e.g., Willsey v. Peoples Federal Savings & Loan Ass'n of East Chicago* (1988) Ind.App., 529 N.E.2d 1199, *trans. denied.* However, because of the fundamental nature of the error, this court will address Castillo's due process claim.

answers to a number of the Physicians' interrogatories.

The Indiana Medical Malpractice Act allows courts with jurisdiction over the subject matter and the parties to a complaint filed with the Department of Insurance to compel discovery in accordance with the Indiana rules of procedure. IC 16–9.5–10–1. Thus, if a party against whom discovery is sought fails to answer an interrogatory submitted under T.R. 33, the opposing party may apply for an order compelling an answer. T.R. 37(A)(2). Furthermore, under the trial rules, an evasive or incomplete answer is to be treated as a failure to answer. T.R. 37(A)(3).

The trial court ordered complete and non-evasive answers to the following interrogatories of Drs. Ruggiero, Lach, *et al.*: 12–14, 16, 18, 21, 25–32, and 36; and to the following interrogatories of Dr. Aron: 4–7, 10, 27–30, and 34–38. A trial court exercises judicial discretion in ruling upon discovery matters, and this court will interfere only upon a showing that the trial court has abused its discretion. *Justak v. Bochnowski* (1979), 181 Ind.App. 439, 391 N.E.2d 872, *cert. denied,* 449 U.S. 828, 101 S.Ct. 92, 66 L.Ed.2d 31.

■ A review of Castillo's responses to the interrogatories indicates that the trial court did not abuse its discretion in this respect. For instance, Interrogatory No. 12 propounded by Drs. Ruggiero, Lach, *et al.* and Castillo's response is as follows:

> INTERROGATORY NO. 12: State specifically each and every act of negligence of defendant Michael P. Ruggiero DO alluded to in your complaint.
> ANSWER: Act and/or acts alluded to are stated within the complaint.

Interrogatory Nos. 16 and 18 were also answered by reference to the complaint. Dr. Aron's Interrogatory No. 10 was answered in the same manner.

It is not adequate to state that the sought after information is located in the complaint, no matter how detailed the complaint may be. *King v. E.F. Hutton & Co., Inc.* (D.D.C.1987), 117 F.R.D. 2, 5–6 (allegations contained in the complaint are made by the attorney, not a party); *Pilling v.*

*General Motors Corp.* (D.Utah 1968), 45 F.R.D. 366, 369 (information incorporated in an answer to avoid repetition should be specific, not general). Here, the vague, general response of "see complaint" was properly held by the trial court to be incomplete.

■ Furthermore, Castillo answered a number of the Physicians' interrogatories by stating that he could not recall the information, or that the facts needed to establish the answer were not within his knowledge. Though we agree that a lack of knowledge is a sufficient answer to an interrogatory, this is the case only when knowledge is not required by law. *Loft, Inc. v. Corn Products Refining Co.* (7th Cir.1939), 103 F.2d 1, *cert. denied* 308 U.S. 558, 60 S.Ct. 80, 84 L.Ed. 469. The interrogatories in question included the following:

> INTERROGATORY NO. 13: Please state the name and business address of each and every physician, surgeon, osteopath, drugless practitioner, Christian Science healer, or chiropractor who has professionally observed and/or attended to you from 1976 to date.
> ANSWER: Cannot recall names.
> INTERROGATORY NO. 14: For each such physician, surgeon, osteopath, drugless practitioner, Christian Science healer, or chiropractor so identified above, state the date or dates of such observation or attendance and the place or places of such attendance or observation.
> ANSWER: Cannot recall.

> \* \* \* \* \* \*

> INTERROGATORY NO. 36: State the types of diagnostic tests performed on you and the dates, locations and institutions at which they are [sic] performed from 1976 to date.
> ANSWER: Cannot recall names of diagnostic tests performed on me nor dates thereof; location and institution are referred to in response to question # 34.

> \* \* \* \* \* \*

12. If no, please itemize in detail the estimate of such future medical and/or hospital expenses and describe the same.
ANSWER: Do not have facts within my personal knowledge to respond to this question.

\* \* \* \* \* \*

34. Have you, or anyone acting in your behalf, obtained from any person any report, statement, memorandum or electronical [sic] memorialization of any conduct or conversation between you and the aforementioned defendant?
ANSWER: Do not have facts with which to respond to this question.

35. State whether you, or your attorney, will voluntarily produce any such report, statement, memorandum or electronical [sic] memorialization.
ANSWER: See response to question #34.

These answers are wholly inadequate. If the objecting party takes the position that the information is not available, it is that party's burden to show that it is not available. 2 *W. Harvey, Indiana Practice* § 33.4 (1987). Moreover, it is a general rule that a party may not refuse to answer an interrogatory on the ground that the party would have to consult records in order to answer. *Id. See also Flour Mills of America, Inc. v. Pace* (E.D.Okla.1977), 75 F.R.D. 676. Lastly, a party may not respond by saying that the information is unavailable because it is in the attorney's possession and has not yet been given to the party. *Harvey, supra,* at § 33.4.

Another answer states an objection which Castillo has not moved for a protective order on, and one interrogatory is not answered at all. In addition, Castillo's answers to an entire set of interrogatories were not notarized. Castillo's efforts to thwart discovery are exhibited by his answer to the following interrogatory:

INTERROGATORY NO. 37: In answering the above interrogatories, have you answered not only as to the information that you yourself possess, but as to the information or facts known to all persons, firms or corporations acting on your behalf, including attorneys, insurance companies, their agents and investigators, and any other persons known to you who may have information relating to the above interrogatories?
ANSWER: Yes No (Circle one) [No is circled.]

We conclude, therefore, that the trial court's order compelling Castillo to provide the Physicians with complete and nonevasive answers to specified interrogatories was not an abuse of discretion.

### III.

*Grant of Motion to Dismiss With Prejudice*

Castillo's third argument on appeal is that the trial court erred in granting the Physicians' motion to dismiss for failure to comply with the discovery order. He supports his argument with the contention that dismissal is only appropriate when proceedings are delayed, and that proceedings are not initiated in medical malpractice cases until the medical review panel has been chosen. Therefore, he concludes that there were no "proceedings" to delay in this case. His argument is without merit.

■ The Malpractice Act specifically provides for motions to compel discovery in accordance with the Indiana rules of procedure. IC 16–9.5–10–1. The court has jurisdiction to entertain a motion to compel discovery *only* during that period of time after a proposed complaint is filed with the commissioner but *before* the medical review panel renders its written opinion. *Id.* Parties are required to *promptly* submit written evidence to the panel. IC 16–9.5–9–4. Furthermore, the Act explicitly allows parties to take depositions of witnesses and parties "prior to the convening of the panel." *Id. See also Hepp v. Pierce* (1984), Ind.App., 460 N.E.2d 186.

Clearly, the statute contemplates discovery, including interrogatories, during proceedings other than those which occur after the medical review panel has been chosen. This result is bolstered by the language of IC 16–9.5–10–5, which states:

*Enforcement.*—The court may enforce its ruling on any motion filed under this chapter in accordance with the Indiana Rules of procedure, subject to the right of appeal.

Thus, the fact that the medical review panel had not yet convened is irrelevant to the determination of whether a party's lack of cooperation in the discovery phase has caused a delay in the proceedings.

Castillo also contends that dismissal was not appropriate because he should have had at least thirty days after the trial judge ruled on his motion on reconsideration of sanctions to comply with the order compelling discovery. It is illogical, he opines, for the court to reconsider its order after the deadline for compliance has passed.

■ This argument is not persuasive. T.R. 53.4, which governs motions to reconsider, states in part:

(A) *Repetitive motions and motions to reconsider ruling on a motion.* No hearing shall be required upon a repetitive motion or upon motions to reconsider orders or rulings upon a motion. Such a motion by any party or the court or such action to reconsider by the court *shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules.*

(Emphasis added.) Compliance with the discovery requests, i.e., complete and non-evasive answers to the interrogatories, was the required action in this case. T.R. 53.4 could not be more explicit in this regard. The motion to reconsider did not operate to extend the time for Castillo to comply with the court order to provide the sought after discovery.

Castillo further argues that dismissal of an action for failure to comply with discovery orders is an extreme sanction, to be used sparingly, and one which should have been preceded by the imposition of a less drastic sanction in this case. The sanction to be imposed under T.R. 37 is left to the sound discretion of the trial court. *Stout v. A.M. Sunrise Construction Co., Inc.* (1987), Ind.App., 505 N.E.2d 500, *trans.*

*denied, cert. denied* 488 U.S. 1030, 109 S.Ct. 839, 102 L.Ed.2d 971. Consequently, the grant of a motion for dismissal of an action is reviewable only for an abuse of discretion. *Mulroe v. Angerman* (1986), Ind.App., 492 N.E.2d 1077.

In support of his argument, Castillo cites *Chrysler Corp. v. Reeves* (1980), Ind.App., 404 N.E.2d 1147, *trans. denied,* for the proposition that a court must make two findings before dismissing a case. First, the court must find responsibility for the unexcused conduct, and second, the court must then find that the failure to proceed with discovery has or threatens to so delay the proceedings that other relief is inadequate. *Id.* at 1152.

■ Castillo's argument fails for two reasons. First, *Chrysler* was decided under the predecessor to current T.R. 37(B)(2), which now allows dismissal of an action under circumstances that are "just." *See also Burns v. St. Mary Medical Center* (1987), Ind.App., 504 N.E.2d 1038. Second, Castillo would not be entitled to relief under *Chrysler,* because that court held that there need not be a specific finding of unexcused conduct where a trial court order is violated. *Chrysler, supra,* at 1152. This is the case before us: Castillo was ordered to provide complete and non-evasive answers within thirty days but failed to do so.

■ Under the test employed in *Burns, supra,* the remedy of a default judgment was held not unjust where (1) the party was given an additional time period within which to respond and was expressly warned in advance that default judgment would be entered if he failed to do so; and (2) no response or request for additional time was timely made and no reason excusing a timely response was demonstrated. *Id.* at 1039. This test is equally applicable to the remedy of dismissal with prejudice.

Castillo does not dispute that he was given thirty additional days to respond with completed answers to the interrogatories. The trial court's order clearly indicates that Castillo was warned that failure to provide complete answers would result in dismissal

of the cause with prejudice. Finally, Castillo had thirty days to request additional time as a result of the court order, plus an additional three weeks before the Physicians sought compliance with the order.

While this court acknowledges that the opportunity to be heard in court "is a litigant's most precious right and should be sparingly denied," *Chrysler, supra,* at 1153, "we will not condone disregard for the trial court's orders." *Stout, supra,* at 503. The trial court did not abuse its discretion by granting dismissal of the action with prejudice.

## IV.

### Grant of Summary Judgment to Hospital

Castillo's final allegation on appeal is that the trial court erred by granting the Hospital's motion for summary judgment, citing a factual dispute as to whether the Physicians were employees or independent contractors of the Hospital, for the purposes of applying the doctrine of *respondeat superior.* First, Castillo asks us to address the preliminary question of whether the trial court had authority to act upon the motion for summary judgment, asserting that the resolution of the above factual dispute is reserved for the medical review panel under IC 16–9.5–10–1. That provision reads in part:

A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, (1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana rules of procedure.... The court has no jurisdiction to rule preliminarily upon any affirmative defense or issue of law or fact reserved for written opinion by the medical review panel under IC 16–9.5–9–7(a), (b) and (d). The court has jurisdiction to entertain a motion filed under this chapter only during that period of time after a proposed complaint is filed with the commissioner un-

der this article but before the medical review panel renders its written opinion under IC 16–9.5–9–7.

The following issues of law or fact are reserved for written opinion by the medical review panel:

(a) The evidence supports the conclusion that defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.

(b) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.

\* \* \* \* \* \*

(d) The conduct complained of was or was not a factor of the resultant damages. If so, whether the plaintiff suffered: (1) any disability and the extent and duration of the disability, and (2) any permanent impairment and the percentage of the impairment.

IC 16–9.5–9–7.

 We do not believe that the determination of one's employment status is reserved for the medical review panel under any of the above three standards. Although this precise factual question has not yet been addressed in Indiana, similar cases support this view. For instance, the court in *Johnson v. Padilla* (1982), Ind. App., 433 N.E.2d 393, *trans. denied,* found that a trial court is not precluded from preliminarily ruling upon matters covered by IC 16–9.5–9–7(c):

That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury.

The dispute in issue in *Johnson* was whether the physician actually performed the medical procedure which allegedly injured the plaintiff. *Id.* The court in *Johnson* held that resolution of this factual dispute did not require the expert opinion of a medical review panel. *Id.* at 395–96. So it is in the present case. A trial court may properly determine if a factual issue exists as to whether a particular physician is the employee of an organization, or an indepen-

dent contractor, for the purposes of ruling on a motion for summary judgment.

Castillo next contends that, if the trial court was authorized to rule on the summary judgment motion, the grant of summary judgment was improper in light of the factual dispute concerning the employment relationship between the Hospital and the Physicians.

Our standard of review with respect to the grant of a motion for summary judgment is well established. This court will ascertain whether the pleadings, affidavits, answers to interrogatories, responses to requests for admission, and depositions, when read in the light most favorable to the nonmoving party, reveal any genuine issues of material facts, and if not, whether the trial court correctly applied the law. *Sloan v. Metropolitan Health Council of Indianapolis, Inc.* (1987), Ind.App., 516 N.E.2d 1104, 1106. "In performing our function of review we stand in the position of the trial court and consider the same matters as it does." *Id.*

Castillo did not provide the court below with any affidavits or products of discovery, merely attaching a copy of a hospital invoice listing, *inter alia*, "physician charges" totalling $333.74. Had the Physicians been the employees of the Hospital, certainly the combined efforts of the six physician-defendants over the course of a ten day hospital stay would have resulted in a significantly higher charge for physician services. Furthermore, nowhere in his complaint does Castillo even allege that the Physicians were the employees of the Hospital.

The affidavit submitted by the Hospital indicates that the Physicians were independent contractors rather than employees. Castillo's contention that there are other ways to determine employment status other than those mentioned in the Hospital's affidavit does not raise a specific fact requiring reversal. A nonmoving party may not rest on mere allegations or denials within pleadings but must set forth by affidavit or otherwise some specific facts demonstrating an issue for trial. *Schrader v. Mississinewa Community School Corp.*

(1988), Ind.App., 521 N.E.2d 949, *trans. denied.*

Having failed to meet his burden under T.R. 56(E) of showing that there is a genuine issue for trial, Castillo has not shown that the trial court erred in granting summary judgment for the Hospital.

Affirmed.

ROBERTSON, J., concurs.

GARRARD, J., concurs in result without separate opinion.