Rebecca SANTIAGO, M.D., and Grant–
Blackford Mental Health, Inc.,
Appellants–Defendants,

v.

George McQ. KILMER, Executor of
Estate of Martha S. Kilmer,
Appellee–Plaintiff.

No. 27A04–9205–CV–174.

Court of Appeals of Indiana,
Fourth District.

Dec. 30, 1992.

Rehearing Denied March 15, 1993.

238

Edward L. Murphy, Jr., Larry L. Barnard, Miller, Carson & Boxberger, Fort Wayne, for appellants-defendants.

James McNeal, Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendants–Appellants Rebecca Santiago, M.D., and Grant–Blackford Mental Health, Inc. appeal the Grant Circuit Court's granting of Plaintiff–Appellee George Kilmer's motion for relief from judgment. Ind.Trial Rule 60(B)(6).

1. Request for admission no. 16 read as follows: The standard of medical and psychiatric care rendered by Dr. Santiago and Grant–Black-

We affirm.

The health care providers present two issues which we restate and consolidate as:

whether the trial court had subject matter jurisdiction to:

(a) order admitted an unanswered T.R. 36 request for admission stating the applicable standard of medical care had been met, and then

(b) grant summary judgment in favor of the health care providers based on that admission.

This appeal arises out of a claim under the Indiana Medical Malpractice Act filed by Kilmer against Dr. Santiago and Grant–Blackford Mental Health, Inc. On March 6, 1985, Kilmer took his wife to Grant–Blackford Mental Health, Inc., where she was seen by Dr. Santiago. The doctor prescribed medication, ordered tests, and instructed Martha to return to the clinic in two days. Less than six hours later, Martha died at her home.

On January 21, 1986, Kilmer filed a proposed complaint with the Indiana Insurance Commissioner pursuant to the Medical Malpractice Act. He claimed the health care providers were negligent in their diagnosis, care, and treatment of Martha, and her death proximately resulted from their negligence.

On April 21, 1988, while the matter was pending before the medical review board, the health care providers served Kilmer, by counsel, with a series of T.R. 36 requests for admission.[1] Neither Kilmer nor his counsel, Richard L. Schultheis, answered. Upon receiving no reply, the health care providers filed with the trial court a copy of Kilmer's proposed complaint and a written motion asking the unanswered T.R. 36 requests be deemed admitted. At the hearing on the matter, the court ruled the unanswered requests for admission were deemed admitted. Only Kilmer appeared at the hearing, not his attorney.

The health care providers then filed a motion for summary judgment based upon

ford Mental Health, Inc. met or exceeded the standard of reasonably competent medical care in the State of Indiana.

the fact one of the requests deemed admitted by the court's order stated the medical care given Martha met or exceeded the standard of reasonably competent care in Indiana. The health care providers argued since Kilmer, by this admission, had conceded that they were not negligent, no genuine issue of material fact thus existed, and they were entitled to summary judgment.

In the meantime, Schultheis notified Kilmer he was not willing to represent him in the cause of action. On September 22, 1988, after a hearing, the trial court granted the health care providers' motion for summary judgment. Neither Schultheis nor Kilmer were at this hearing although the docket sheet indicated notice of the hearing had been sent. The medical review panel never rendered its opinion.

■ Subsequently, Kilmer filed a motion to strike the admissions and to reconsider the court's order in this regard. He argued the trial court had exceeded the limited jurisdiction conferred on it by the Medical Malpractice Act. Additionally, he filed a T.R. 60(B)(6) motion for relief from judgment along with an affidavit from a physician to make a *prima facie* showing of a meritorious case against the health care providers for the death of Martha. After a hearing, the trial court granted his motion and vacated its September 22, 1988, order and judgment. It referred to a decision of this court in which we held, after reviewing a legal malpractice claim filed by Kilmer against Schultheis, a trial court does not have subject matter jurisdiction in a medical malpractice claim to enter summary judgment based on an issue reserved for the medical review panel prior to the pan-

el's decision. The health care providers appeal.[2]

The health care providers first contend the trial court erred in granting Kilmer's motion for relief from judgment. They argue the original judgment was not void for want of subject matter jurisdiction. Since the Medical Malpractice Act empowers a court with power to compel discovery and to grant summary judgment motions before the medical review panel renders its written opinion, they argue the trial court's action in ordering the requests for admission deemed admitted was within the general scope of authority conferred upon the court by statute.

■ The standard of review for the granting or denying of a T.R. 60(B) motion is limited to whether the trial court abused its discretion. *Freels v. Winston* (1991), Ind.App., 579 N.E.2d 132, 135, *reh. denied, trans. denied*. However, a motion under T.R. Rule 60(B)(6) alleging the judgment is void requires no discretion on the part of the trial court because either the judgment is void or it is valid. *Schoffstall v. Failey* (1979), 180 Ind.App. 528, 389 N.E.2d 361, 363. Void judgments can be attacked, directly or collaterally, at any time. *International Alliance of Theatrical Stage Employees v. Sunshine Promotions, Inc.* (1990), Ind.App., 555 N.E.2d 1309, 1315.

■ To render a valid judgment, a court must possess jurisdiction over the subject matter, over the parties, and over the particular case. *Chapin v. Huylse* (1992), Ind.App., 599 N.E.2d 217, 220. Subject matter jurisdiction concerns the power of the court to hear and to determine a

---

**2.** Before addressing the merits of the issue, the health care providers contend Kilmer may not rely on our unpublished decision reviewing his legal malpractice claim against Schultheis. They correctly state unpublished decisions are not regarded as precedent before a court except for establishing the defense of *res judicata*, collateral estoppel or the law of the case. Ind.Appellate Rule 15(A). In the instant case, since the health care providers were not parties to Kilmer's legal malpractice action against Schultheis or in privity with any of the parties to that action, they urge Kilmer cannot establish the elements necessary to show *res judicata*. There-

fore, they argue our unpublished decision in Kilmer's legal malpractice action against Schultheis is not *res judicata* in this case and Kilmer may not cite to the decision. However, in his motion for relief from judgment, Kilmer did not assert the doctrine as a basis for granting relief although he did refer to the decision. On appeal he stated he was submitting the issue to this court *de novo*. The claim of *res judicata* is considered waived if it is not raised. *Lake Monroe Regional Waste v. Waicukauski* (1986), Ind. App., 501 N.E.2d 466, 469. Therefore, we will consider the case on its merits.

general class of cases to which the proceedings before it belong. *Harp v. Indiana Dept. of Highways* (1992), Ind.App., 585 N.E.2d 652, 659. This power must be derived from the constitution or from statute. *Gorman v. Northeastern REMC* (1992), Ind.App., 594 N.E.2d 843, 845, *reh. denied.* In determining subject matter jurisdiction, the relevant inquiry is whether the claim falls within the general scope of authority conferred upon such court by the constitution or by statute. *Harp,* 585 N.E.2d at 656. Subject matter jurisdiction, unlike personal jurisdiction or jurisdiction over a particular case, cannot be waived or conferred by agreement and should be raised *sua sponte* by the appellate court if not asserted by the parties on appeal. *City of Hobart v. Chidester* (1991), Ind.App., 582 N.E.2d 457, 459; *Gorman,* 594 N.E.2d at 845; *Behme v. Behme* (1988), Ind.App., 519 N.E.2d 578, 582, *reh. denied; Jennings v. Jennings* (1988), Ind.App., 531 N.E.2d 1204, 1206.

The Medical Malpractice Act provides no action against a health care provider may be commenced in any court of this state before the claimant's proposed complaint has first been presented to a medical review panel and an opinion rendered by the panel. IND.CODE 16-9.5-1-6; IC 16-9.5-9-2. The medical review panel is charged with rendering an opinion as to whether the evidence supports the conclusion the defendants failed to observe the appropriate standard of care. IC 16-9.5-9-7.

▆ The Grant Circuit Court is a court of general original jurisdiction. IC 33-4-2-1, *et seq.* As such, until such time as the medical review panel renders its decision on that issue, it has only limited jurisdiction to (1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; and/or (2) compel discovery in accordance with the Indiana Rules of Procedure. IC 16-9.5-10-

1; *Griffith v. Jones* (1992), Ind.App., 602 N.E.2d 107.[3] The grant of power to the trial court to preliminarily determine these matters is to be narrowly construed. *Id.* The court is without subject matter jurisdiction to rule preliminarily upon any affirmative defense or issue of law or fact preserved for a written opinion by the medical review panel. *Id.; Cha v. Warnick* (1983), Ind.App., 455 N.E.2d 1165, 1167.

▆ Prior to the medical review panel's decision and without expert testimony, the trial court entered summary judgment based upon request for admission No. 16 which asked Kilmer to admit the health care providers had utilized the appropriate standard of care. The legal effect of the court's entry of summary judgment was to rule on an issue of fact reserved for the medical review panel. In effect, the court determined the health care providers were not negligent. This determination is reserved initially to the medical review panel and then, after the panel's opinion is rendered, to the trier of fact. Since the court's action was beyond the subject matter jurisdiction conferred upon it by the Act, the judgment is void.

The health care providers argue both *Castillo v. Ruggiero* (1990), Ind.App., 562 N.E.2d 446, *trans. denied,* and *Johnson v. Padilla* (1992), Ind.App., 433 N.E.2d 393, *trans. denied,* recognize the jurisdiction of a court, on motion for preliminary determination under the Act, to enter summary judgment with regard to claims against defendant health care providers. Therefore, they claim the trial court did not err when it entered summary judgment based on Kilmer's admission of appropriate care.

In *Johnson* we expressly determined the question of whether Dr. Padilla actually was the physician who performed the procedure was not an issue which required expert opinion and therefore, was not reserved to the medical panel. 433 N.E.2d at 395. Similarly, in *Castillo,* we held the

**3.** In *Griffith,* our supreme court held the trial court had exceeded its authority when it preliminarily determined whether a medical review panel was precluded from rendering an expert opinion on the issue of informed consent and from interpreting the term "factors" in IC 16-9.5-9-7. The court stated the Act does not in-

tend to empower trial courts to dictate to the medical review panel concerning the content of the panel's opinion, the manner in which the panel arrives at its opinion, or the matters which the panel may consider in arriving at its opinion.

determination of one's employment status is not a question reserved for the panel because it is not an issue of fact requiring expert opinion. 562 N.E.2d at 455.

In contrast, the health care providers' request for admission no. 16 concerned an issue of fact requiring expert opinion and thus, was reserved for the medical panel. IC 16–9.5–9–7(b). Therefore, *Johnson* and *Castillo* are clearly distinguishable and do not support the health care providers' argument.

In the alternative, the health care providers contend Kilmer waived any objection because he did not raise a specific and timely objection to the court's lack of jurisdiction in this particular case. They cite *Williams v. Williams* (1990), Ind., 555 N.E.2d 142, and *State ex.rel. Hight v. Marion Superior Court* (1989), Ind., 547 N.E.2d 267.

A judgment rendered by a court lacking subject matter jurisdiction is void and may be attacked at any time, directly or collaterally. *Mann v. Mann* (1988), Ind.App., 528 N.E.2d 821, 822, *reh. denied, trans. denied.* It cannot be waived. *Id.* In contrast, jurisdiction of the particular case refers to the right, authority, and power to hear and determine a specific case within that class of cases over which a court has subject matter jurisdiction. *Harp*, 585 N.E.2d at 659. When a court lacks jurisdiction over the particular case, the judgment is voidable, requiring proper and timely objection to the court's exercise of jurisdiction or it is waived. *Id.*

Since we have determined the trial court was without subject matter jurisdiction, we need not address the issue of whether the court had jurisdiction over the particular case.

The court did not abuse its discretion in granting Kilmer's T.R. 60(B) motion for relief of judgment.

Affirmed.

MILLER and CHEZEM, JJ., concur.